## F. SHISSLER, APPELLANT, *v.* J. M. CROOKS, RESPONDENT.

PRACTICE — APPEAL — NOTICE OF APPEAL — UNDERTAKING ON APPEAL. — Three things are necessary in order to perfect an appeal, and to give the supreme court jurisdiction. 1. A notice of appeal must be filed as required by law. 2. A copy of the notice must be served on the adverse party or his attorney. 3. An undertaking must be filed within five days after filing notice of the appeal.

APPEAL from the first judicial district, Nez Perce county.

*J. W. Huston,* for the appellant.

*A. E. Isham,* for the respondent.

NOGGLE, C. J., delivered the opinion. LEWIS and WHITSON, JJ., concurred.

In this case a motion is made by the respondent to dismiss the appellant's appeal, for the reason that no undertaking was filed within the time fixed by section 296 of the civil practice act. Three things must be done by the appellant to perfect an appeal and give the supreme court jurisdiction: 1. A notice of appeal must be filed. 2. A copy of the notice so filed must be served on the adverse party or his attorney, as provided in section 285 of the civil practice act. And 3. The filing of the undertaking required by section 296 of said civil practice act. Such undertaking must be filed within five days after the date of filing the notice of appeal, and an undertaking filed after that time is filed too late. The mover in this case insists that the time within which the undertaking might legally be filed had long before elapsed; that the undertaking was in fact filed twenty-four days after the appellant filed his notice of appeal. In that he is sustained by the record returned to this court.

The record shows that an undertaking was filed on the ninth day of July, 1870, and the notice of appeal was filed on the fifteenth day of June, 1870. The undertaking not being filed within five days after filing the notice of appeal, for the purposes of an appeal in this case, there is no undertaking properly in the case, and this court has no jurisdiction. In all cases of appeal from the district to the

24

supreme court, such an undertaking as is required by section 296 of the civil practice act, must be filed within five days after the date of filing the notice of appeal, and can not legally be filed before the notice of appeal is filed, or after the expiration of five days after that date.

Section 285 of the civil practice act says: "The appeal shall be made by filing with the clerk of the court with whom the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a copy of the notice upon the adverse party, or his attorney." This section must be construed in connection with the aforesaid section 296 of the same act, which declares that, "to render an appeal effectual for any purpose, in any case, a written undertaking shall be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all damages and costs which may be accrued against him on the appeal, in not less than three hundred dollars, or that sum shall be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal; such undertaking shall be filed or such deposit made with the clerk within five days after the notice of appeal is filed."

By this law the filing of an undertaking within the time specified for making the deposit is absolutely necessary to give effect to the appeal, neither of which was done in this case. The filing and serving the notice are the first steps necessary, which, with the filing of an undertaking according to law, perfects the appeal. The undertaking in this case not being filed within five days after the filing of the notice of appeal, there is no undertaking properly in the case, and the motion to dismiss the appeal should be granted. (*Hastings* v. *Halleck*, 10 Cal. 31; *Elliott* v. *Chapman*, 15 Id. 383; *Perian* v. *Munroe*, Id. 385; 1 Nev. 484; 2 Id. 344; 3 Estee's Cal. Practice, p. 716, sec. 209–238; *Shaw* v. *Randall*, 4 Cal. 215.)

The appeal in this case should be, and the same is hereby dismissed.