THE PEOPLE, EX REL. J. H. McCARTY, RESPONDENTS,
v. G. W. HUNT, APPELLANT.

APPEAL—UNDERTAKING—PRACTICE.—If an undertaking on appeal is filed
before the notice of appeal is filed and served, the appeal will be dis-
missed on motion.

APPEAL from the second judicial district, Ada county.
Motion to dismiss appeal.

*Jos. Miller,* for the appellant.

*J. Brumback,* for the respondents.

NOGGLE, C. J., delivered the opinion of the court, LEWIS
and WHITSON, JJ., concurring.

A motion is made to dismiss the appeal in this case, by
the respondent, because no undertaking has been filed since
filing the notice of appeal. In the case of *Shissler* v. *Crooks,
ante,* this court decided, at the present term, that three
things are necessary to perfect an appeal, so as to give the
supreme court jurisdiction: 1. The filing of a notice of ap-
peal; 2. The service of a copy of such notice; and, 3. The
filing of the undertaking required by section 296 of the civil
practice act, which undertaking must be filed within five
days after the filing of the notice of appeal. The under-
taking must be filed after the filing of the notice of appeal,
and within five days.

It is not legal to file the undertaking before the notice is
filed. The record in this case shows that an undertaking
was placed on file with the clerk of this court some two days
before the notice of appeal was filed. No appeal was pend-
ing when the undertaking was filed, and since the notice of
appeal was filed no undertaking has been filed, and for the
purposes of an appeal in this case there is no undertaking
on file.

In all civil cases appealed to this court, such an under-
taking as is required by section 296 of the civil practice act
must be filed after the notice of appeal is filed, and within
five days, or the supreme court acquires no jurisdiction;
and because no such undertaking has been filed since the

time of filing the notice of appeal, the motion must be granted, and the appeal dismissed. (*Hastings* v. *Halleck*, 10 Cal. 31; *Elliott* v. *Chapman*, 15 Id. 383; *Shaw* v. *Randall*, Id. 384.)

For these reasons the appeal in this case is dismissed.