(March 3, 1886.)

## SALT LAKE BREWING COMPANY v. GILLMAN ET AL.

[10 Pac. 32.]

PRACTICE—APPEALS FROM JUSTICE COURT—JURISDICTIONAL PRE-
REQUISITES.—To effectuate an appeal from a judgment of a justice of the peace three things are required: The filing of the notice of appeal with the justice; the service of a copy of the same on the adverse party, and the filing of the undertaking; and all these things must be done within thirty days after the rendition of the judgment and are jurisdictional prerequisites; but the mere order in which they are done is not material.

Opinion of the Court—Broderick, J.

SAME.—Where judgment was rendered in a justice's court on October 2. 1885, and the notice and undertaking on appeal were filed with a justice on the 6th of the same month, and the notice of appeal was served on the 15th of the same month. *Held,* that the statute was complied with and the appeal well taken.

SAME—DISTINGUISHED.—The statute providing for appeals from justice's and probate courts, and the provisions for appeal from district to the supreme court, considered and distinguished.

QUERY—SUFFICIENCY OF UNDERTAKING.—Where by accident or mistake the respondent is prevented from objecting to the sufficiency of the undertaking within five days after the filing, may such objection be made at any time a substantial defect is ascertained? Material, but not decided.

APPEAL from District Court, Alturas County.

Kingsbury & McGowan, for Appellant.

The notice of appeal must be served before the undertaking is filed. (*Hastings v. Halleck,* 10 Cal. 32; *Hewes v. Carville Mfg. Co.,* 62 Cal. 518; *Shissler v. Crooks,* 1 Idaho, 369; *People v. Hunt,* 1 Idaho, 371; *Clark v. Lowenberg,* 1 Idaho, 654.)

F. E. Ensign, for Respondents.

The order of filing or serving notice of appeal or filing undertaking on appeal is immaterial, so that all the steps necessary to perfect the appeal are taken within the thirty days specified in the statute. (*Coker v. Superior Court Colusa Co.,* 58 Cal. 77; *Hall v. Superior Court El Dorado Co.,* 68 Cal. 24, 8 Pac. 509.) The word may mean "must" or "shall," only in cases where the public interests and rights are concerned, and where the public or third persons have a claim *de jure* that such should be the construction given to the word. (*Newburgh T. Co. v. Miller,* 5 Johns. Ch. 112, 9 Am. Dec. 274; *Malcom v. Rogers,* 5 Cow. 188, 15 Am. Dec. 467; *Martin v. Mayor etc.,* 1 Hill, 547; *Rogers v. Wing,* 5 How. Pr. 50; *New York etc. R. R. Co. v. Coburn,* 6 How. Pr. 223; *Buffalo P. R. Co. v. Commissioners etc.,* 10 How Pr. 239; *Baldwin v. Mayor,* 2 Keyes, 411; *Fisher v. Hall,* 41 N. Y. 424; *Mason v. Fraser,* 9 How. (U. S.) 259; *Supervisors v. United States,* 4 Wall. 446.)

BRODERICK, J.—On the second day of October, 1885, the plaintiff recovered judgment against the defendants before a

justice of the peace in Alturas county. On the sixth day of same month the defendants filed with the justice their notice and undertaking on appeal, and on the fifteenth day of the same month they served upon the plaintiff a copy of the notice of appeal. The transcript and papers on appeal were transferred to the district court, and the plaintiff there moved to dismiss the appeal on the ground that the district court had not acquired jurisdiction of the same, as no undertaking on appeal had been filed since the notice of appeal was served. The motion was overruled and denied, and from the order of the district court the plaintiff appeals to this court.

It is contended on behalf of the plaintiff that the appeal was not taken in the manner required by law, and in support of this proposition we are referred to *Shissler v. Crooks,* 1 Idaho, 369; *People v. Hunt,* 1 Idaho, 371; *Clark v. Lowenberg,* 1 Idaho 654. These decisions were made upon the statute which provides for "appeals in general," or perhaps, more correctly speaking, for appeals from the district to the supreme court. This statute differs essentially from the one we are now called upon to consider and construe, and hence the cases cited, while doubtless correct upon the questions there presented, have no application to the case at bar.

By section 665 of the Code of Civil Procedure it is provided that "any party dissatisfied with a judgment rendered in a civil action in a probate or justice's court may appeal therefrom to the district court of the county at any time within thirty days after the rendition of the judgment. The appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party." Section 668 provides in substance that upon receiving the notice of appeal, and on payment of the fees of the judge or justice, and filing an undertaking as required in the next section, and after settlement of the statement, if any, the judge or justice must, within five days, transmit to the clerk of the district court, with the papers in the case, a transcript of the docket entries. By section 669 it is further provided that "an appeal from a justice's or probate court is not effectual for any purpose, unless an undertaking be filed with two or more sureties," etc.

It may here be observed that this statute, unaided by any other, prescribes the mode or manner of appeal from judgments rendered in probate and justice's courts. Three things are made indispensable: the filing of the notice of appeal, the service of a copy of the same on the adverse party, and the filing of an undertaking; and all these things must be done within thirty days from the rendition of the judgment, and are jurisdictional; but the statute does not prescribe the order in which these several steps must be taken. . Here the notice of appeal and undertaking were filed four days after the judgment was rendered. This did not effectuate the appeal until the notice was served as required by law. The notice was served nine days after the filing, and it will be seen that all these acts were done within the statutory time, and we cannot think that the mere order in which they were done is material. It has been, in effect, so held under the statute from which ours was copied. (*Coker v. Superior Court,* 58 Cal. 177; *Hall v. Superior Court,* 68 Cal. 24, 8 Pac. 6, 509.)

The plaintiff insists that by reason of the filing of the undertaking on appeal prior to the service of notice that he was denied his statutory right of objecting to the sufficiency of the sureties. It is true the statute provides that the adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, but we are inclined to believe that this statute is only directory, and that an insufficient undertaking may be objected to when a substantial defect is ascertained, or that the defect or irregularity may be waived. (*Rabe v. Hamilton,* 15 Cal. 32.) It will be seen that the statute does not require notice to be given of the filing of the undertaking; service of notice of appeal is the requirement, and this need not necessarily be done before the undertaking is filed. The statute does not require it. In construing a statute we must look to the language used, and endeavor, if possible, to ascertain the intention of the legislature; and applying this rule to the statute in question we are unable to see that anything more was intended than that the appeal should be perfected within thirty days from the rendition of the judgment.

It may here be observed that no showing was tendered in the court below that on account of accident or mistake the plaintiff

had been deprived of the right to object to the sufficiency of the undertaking. No claim was made that the undertaking was for any reason insufficient, or that any injury would likely result; but the plaintiff rested its application on the cold question of jurisdiction. Whether, if it had chosen to pursue the other course suggested, it would have been availing, we do not here decide. On this question we refer, however, to the following authorities: *Coulter v. Stark,* 7 Cal. 244; *Cunningham v. Hopkins,* 8 Cal. 33; *Rabe v. Hamilton,* 15 Cal. 31; *Stark v. Barrett,* 15 Cal. 364; Hayne on New Trial and Appeal, par. 214, p. 649; Code Civ. Proc., sec. 668.

After as careful consideration of the question presented by this appeal as we have been able to give, we are satisfied that the ruling of the court below was correct. The judgment and order are therefore affirmed.

Hays, C. J., and Buck, J., concurring.