(December 18, 1891.)

## BROWN ET AL. *v.* HANLEY, SHERIFF.

[28 Pac. 425.]

SECTION 4808 OF THE REVISED STATUTES CONSTRUED—UNDERTAKING
ON APPEAL—WHEN TO BE FILED.—Section 4808 of the Revised
Statutes of Idaho requires an undertaking on appeal to be filed
within five days after the service of notice of appeal, in order to
render an appeal effectual for any purpose.

SUPREME COURT HAS NO JURISDICTION TO ENLARGE TIME TO FILE
UNDERTAKING ON APPEAL.—This court has no jurisdiction or au-
thority to permit an undertaking on appeal to be filed after the
five days have expired.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Alex E. Mayhew and Cox, Teal & Minor, for Appellants.

In the case of receivers the courts have uniformly held that,
even where receivers have instituted suit without giving bond, a
*nunc pro tunc* order may be entered; and the same rule has
been applied in cases of injunctions and other provisional reme-
dies. (*O'Farrell v. Stockman,* 19 Ohio St. 297; High on Re-
ceivers, sec. 112; *Morgan v. Potter,* 17 Hun, 403; *Whiteside v.
Prendergast,* 2 Barb. Ch. 471; *Railroad Co. v. Patton,* 5 W. Va.
234; *North Carolina Gold etc. Co. v. North Carolina Ore etc.
Co.,* 79 N. C. 48; 2 High on Receivers, sec. 1634.) So a party
appellant is frequently relieved against a failure to file the
transcript in time. (*Platt v. Preston,* 19 Blatchf. 312, 8 Fed.
182; *Hardt v. Birely,* 72 Md. 134, 19 Atl. 606.) A party ap-
pellant is frequently relieved against irregularities, imperfec-
tions and mistakes in the undertaking or bond on appeal, even
in cases where such undertaking or bond is so fatally defective
as to be absolutely void. (*Boyd v. Burrel,* 60 Cal. 281; *Perkins
v. Cooper,* 87 Cal. 243, 25 Pac. 411; *Means v. Trout,* 16 Serg.
& R. 348; *Satterlee v. Stevens,* 11 Ohio, 420; Powell's Appellate
Proceedings, sec. 18.)

Albert Hagan, for Respondent.

Our Code of Civil Procedure provides: "But the appeal is
ineffectual for any purpose, unless within five days after service

of the notice of appeal an undertaking be filed," etc. (Idaho Rev. Stats., sec. 4808; Cal. Code Civ. Proc., sec. 940.) An undertaking filed before service of notice of appeal is of no force and the appeal ineffectual for any purpose. (*Little v. Jacks,* 68 Cal. 344, 8 Pac. 856, 9 Pac. 264, 11 Pac. 128.) The undertaking must be filed within five days after service of the notice of appeal, and not within five days after the filing. (*Heares v. Corville Mfg. Co.,* 62 Cal. 516; *Schurtz v. Romer,* 81 Cal. 245, 22 Pac. 657; *Perkins v. Cooper,* 87 Cal. 243, 25 Pac. 411; *Crew v. Diller,* 86 Cal. 554, 25 Pac. 66; *Stratton v. Graham,* 68 Cal. 168, 8 Pac. 710.) The appeal is ineffectual as this court has never acquired jurisdiction and a motion to dismiss is the proper practice. (*Boyd v. Burrel,* 60 Cal. 281; *Perkins v. Cooper,* 87 Cal. 243, 25 Pac. 411; *Stratton v. Graham,* 68 Cal. 168, 8 Pac. 710; *Crew v. Diller,* 86 Cal. 555, 25 Pac. 66; *Schurtz v. Romer,* 81 Cal. 245, 22 Pac. 657.) Nor will the supreme court in such a case allow a new or amended undertaking to be filed, as there has been no preceding insufficient undertaking filed. (*Cook v. Oregon R. R. Co.,* 7 Utah, 416, 27 Pac. 5; *Home etc. Associates v. Wilkins,* 71 Cal. 626, 12 Pac. 799; *Hastings v. Hallock,* 10 Cal. 31; *Schurtz v. Romer,* 81 Cal. 246, 22 Pac. 657.)

SULLIVAN, C. J.—Respondent moves this court to dismiss this appeal, on the ground that no undertaking on appeal was filed within five days after the service of the notice of appeal. The record shows that the notice of appeal was served on the twenty-second day of July, 1891, and that the undertaking on appeal was filed on the first day of August, 1891. There is no dispute as to the facts. Appellants make a counter-motion for a *nunc pro tunc* order permitting an undertaking to be now filed, based upon an affidavit setting forth the cause of the delay in filing said undertaking within the time required by law. Counsel for appellants urge, with marked ingenuity and ability, that this court has the authority to grant said motion, especially as our statutes, and all proceedings under them, must be liberally construed, with a view to effect their objects and to promote justice. Section 4808 of the Revised Statutes of Idaho is too plain to require construction. It is imperative, and pro-

Points decided.

vides that "the appeal is ineffectual for any purpose, unless within five days after the service of the notice of appeal an undertaking be filed." This is a statute of limitation, and this court has no authority to extend it. This court has no jurisdiction to permit an undertaking on appeal to be filed in this court, unless one has first been filed in the court below, within the time allowed by said section 4808. This view is fully sustained by numerous decisions, under statutes similar to ours, by courts of last resort. (*Cook v. Railway Co.,* 7 Utah, 416, 27 Pac. 5, and authorities therein cited.) This attempted appeal is dismissed with costs in favor of respondent.

Huston and Morgan, JJ., concur.