(November 18, 1892.)

## MILLER v. PINE MINING COMPANY.

### [31 Pac. 802.]

DISMISSAL OF APPEAL—RULE OF COURT CONSTRUED.—Motion to dismiss appeal under rule 11, for the reason that transcript was not filed and served in time required by paragraph 7 of rule 4. *Held,* that transcript was filed and served within the time required by said paragraph 7. Motion to dismiss appeal. Denied.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Wyman & Wyman, for Appellant.

Cahalan & Badger, for Respondent.

SULLIVAN, C. J.—The respondent moves, under rule 2 of the rules of this court, to dismiss this appeal, on the ground that the transcript of record was not filed and served within the time prescribed by paragraph 7 of rule 4 of the rules of this court. The appellant appears, and resists said motion, and presents an affidavit in support of his position, setting forth the facts in regard to the settlement of the bill of exceptions and the filing and service of the transcript of record.

Rule 2, under which this motion is made, declares, among other things, that, if the transcript of record is not filed within the time prescribed by paragraph 7 of rule 4, the appeal may be dismissed, on motion, without notice, on the first Monday of the term during which the cause is subject to call. Paragraph 7 of rule 4 declares, among other things, that the transcript of record, when required to be printed by the rules of this court, shall be filed and served within sixty days after the appeal is perfected, and the bill of exceptions settled. The points for us to determine, then, are the dates when the appeal was perfected, and the bill of exceptions settled, and whether the transcript was filed and served within sixty days after latest date.

The record shows that the appeal was perfected by filing the proper undertaking not later than the ninth day of June, 1892; and it is shown by the affidavit of appellant that the trial judge

undertook to settle and certify the bill of exceptions on the twenty-second day of August, 1892, but because of an error or mistake, which was corrected by the trial judge, the bill of exceptions was not in fact settled and certified until the correction of said error or mistake, on the seventh day of October, 1892. It therefore follows that the sixty day period given for filing and serving the transcript did not begin prior to the seventh day of October. The respondent moves to dismiss on the theory that said sixty day period began on August 22, 1892, when in fact it did not begin prior to October 7, 1892. The typewritten transcript was filed with the clerk of this court on the nineteenth day of October, 1892, and the printed transcript served and filed on the twelfth day of November, 1892, and within the time prescribed by paragraph 7 of rule 4. The motion to dismiss is therefore denied.

Morgan and Huston, JJ., concur.