(November 17, 1896.)

## HATTABAUGH v. VOLLMER.

### [46 Pac. 831.]

EXCEPTIONS—SECTION 4427 OF THE REVISED STATUTES CONSTRUED.— An exception to an order denying a new trial is saved by the provisions of section 4427 of the Revised Statutes, without the interposition of a formal objection to the ruling of the court or judge.

APPEAL—NEW TRIAL.—An appeal is perfected when the proper notice has been served and filed, and a proper undertaking is filed within the time required by law. And under the provisions of paragraph 8, rule 27, of the rules of this court, the transcript of the record on appeal must be served and filed within sixty days after the appeal is perfected.

TRANSCRIPT—HOW SERVED.—Under provisions of sections 4889 and 4890 of the Revised Statutes, transcript may be served by mail.

STATEMENT ON MOTION FOR NEW TRIAL.—When amendments are offered and allowed to a proposed statement on motion for a new trial, the statement as amended must be engrossed before this court will consider such statement.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid and James W. Poe, for Appellant.

No brief filed on the motion to dismiss appeal.

Cozier & Pickett and Morgan & Moore, for Respondents.

The statement on motion for a new trial should have been engrossed. (*Pence v. Lemp,* 4 Idaho, 526, 43 Pac. · 75; Hayne on New Trial and Appeal, secs. 156, 265, 266.) No exception was taken to the order overruling the motion for a new trial. (*Great Spirit Springs Co. v. Chicago Lumber Co.,* 47 Kan. 672, 28 Pac. 715; *Coffin v. Bradbury,* 3 Idaho, 770, 35 Pac. 715.)

SULLIVAN, J.—This is an appeal from the judgment, and the order overruling a motion for a new trial. A motion was made to dismiss the appeal on the three grounds following, to wit: 1. That no exception was saved to the order overruling the motion for a new trial; 2. That the transcript was not served on respondent in the time required by the rules of this court; 3. That the statement contained in the record is not such a one as the law requires.

As to the first ground: Section 4427 of the Revised Statutes declares that certain orders and decisions are deemed excepted to, and the order denying a new trial comes within' that class, and for that reason no formal exception is required.

As to the second ground: Paragraph 8 of rule 27 (32 Pac. xi) provides that a transcript of the record must be served upon the adverse party, and filed in this court, within sixty days after the appeal is perfected. Section 4808 of the Revised Statutes provides that "an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof and serving a similar notice on the adverse party or his attorney." Said section also provides that an appeal so taken is ineffectual for any purpose unless, within five days after the filing and service of the notice of appeal, an undertaking be filed, or a deposit of money be made, with the clerk, as thereinafter provided. From this section of the statute it will be observed that an appeal is taken by filing and serving a notice, but the appeal is of no effect unless an

undertaking be filed within five days after filing and serving the notice. Section 4814 of the Revised Statutes provides, *inter alia,* that whenever an appeal is perfected as provided in the preceding sections of chapter 2, title 13 of the Revised Statutes, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein. Paragraph 8 of rule 27 (32 Pac. xi) provides that, in all cases where an appeal is perfected, a transcript of the record must be served and filed within sixty days after the appeal is perfected. Taking into consideration the provisions of said section 4814 applicable to the point under consideration, and paragraph 8 of said rule, 27 they clearly indicate that the time for serving and filing the transcript does not begin to run until the three acts have been done, to wit: The filing and serving of notice of appeal and filing the undertaking. (See *Shissler v. Crooks,* 1 Idaho, 369; *Miller v. Mining Co.,* 3 Idaho, 426, 31 Pac. 802.) In the last-cited case this court said that an appeal is perfected when the notice of appeal is served and filed, and the proper undertaking is placed on file, according to law. In this case the notice of appeal was served and filed on the twenty-fifth day of July, 1896, and the undertaking on appeal was filed on the twenty-seventh day of said month. It is shown by affidavit that the transcript was served by mail on the twenty-fifth day of July, 1896. Service of transcript, under certain circumstances and conditions, may be made by mail. (Rev. Stats., secs. 4889, 4890.) The transcript was served in time.

As to the third point made by the motion: Appellant prepared a proposed statement on motion for a new trial, and served it on respondent's attorneys, whereupon they proposed twenty-one amendments thereto, which amendments were allowed by the judge. The twenty-one amendments thus allowed required the insertion of certain words, sentences, and paragraphs in various parts of the proposed statement, designating the page and line wherein such amendments were to be inserted. And, instead of engrossing the proposed statement and amendments, the amendments were simply attached to the proposed statement, and the certificate of settlement indorsed thereon. The statement, as settled, was handed to the

printer, in connection with the other papers required to be printed in the transcript of the record. When the transcript was printed, neither the lines nor pages of the printed transcript corresponded with lines and pages of the original written or typewritten transcript. For instance, the second amendment allowed was the insertion after the words "Bank of Moscow," in the fifteenth line of page 2 of said proposed statement, the following, to wit: "For the purpose of showing that the trust mentioned in paragraph 2 of plaintiff's complaint was therein entered into and sanctioned by the board." The words "Bank of Moscow" do not occur in line 15, page 2, of the statement, as printed in the record before us, and the words proposed to be inserted have no relevancy in connection with the language used in said line 15. The same is true in regard to some of the other amendments. The attorneys for appellant filed in this court on November 11, 1896 (the decision having been announced in October, 1896), an exhibit showing where the amendments should be inserted in the statement, wherein it is shown that the amendment which was directed to be inserted after the words "Bank of Moscow," in line 15 of page 2, above referred to, should be inserted in line 30 of said page 2. The third amendment allowed consisted of several questions and answers, and they were directed to be inserted after the figures "1895," in line 29 of page 2. The said figures do not appear in said line. It is shown by said exhibit that said amendment should be inserted in line 19, page 3, instead of in line 29, page 2, as stated in said amendment. This is sufficient to illustrate the condition of the transcript of the record in this case, and to show the necessity of engrossing the statement after amendments have been allowed thereto. The printed transcript very seldom, if ever, would correspond in page and line to the original, and it would be an utter impossibility to ascertain the place in the transcript where amendments should be inserted. Hence arises the necessity of engrossing the statement before the transcript of record is printed. The trial judge should not settle a statement, where amendments are allowed, until after the engrossment thereof. Said exhibit shows the difficulty under which appellant's attorneys labored in inserting the amend-

ments into the printed transcript, and that it could not have been correctly done without reference to the original transcript, which is not among the files of this court. It is impossible for this court to properly consider a case on such a transcript as is here presented, and we shall not undertake to complete a transcript by engrossing it. That duty devolves upon the appellant or plaintiff in error. In the case of *Pence v. Lemp,* 4 Idaho, 526, 43 Pac. 75, the statement on motion for a new trial was in substantially the same condition as the one in the case at bar. It consisted of the proposed statement and the proposed amendments thereto, and was not engrossed after the allowance of the amendments. In *Smith v. Davis,* 55 Cal. 26, the court, in commenting on a statement such as the one under consideration, said: "Such documents, not engrossed into one, and attested by the signature of the judge, have never been regarded as the statement required by law; and have never been considered by this court on appeal." The motion to dismiss is granted, with costs in favor of respondents.

### ON REHEARING.

A petition for rehearing has been filed in this case, and, after carefully considering the same, a rehearing is denied. It is ordered that a *remittitur* issue at once.

Morgan, C. J., and Huston, J., concur.