(February 4, 1907.)

## GEO. L. COLE, Appellant, v. J. W. FOX, Respondent.

[88 Pac. 561.]

MOTION TO DISMISS APPEAL—SERVICE OF NOTICE OF APPEAL—FILING OF
. UNDERTÀKING ON APPEAL.

1. Under the provision of section 4808, Revised Statutes, unless
a proper undertaking is filed within five days after service of the
notice of appeal, or a deposit of money be made with the clerk, the
appeal is ineffectual for any purpose.

2. Under the provisions of our statute, certain papers may be
served by mail, but those provisions do not apply to the filing of
undertakings on appeal.

3. It is not sufficient if the undertaking is forwarded by mail to
the proper clerk within five days after serving the notice of appeal,
but the undertaking must be placed in the hands of the clerk for
filing within that time. (*Brown* v. *Hanley*, 3 Idaho, 219, 28 Pac.
425, approved.)

(Syllabus by the court.)

. APPEAL from District Court of Seventh Judicial District for Canyon County. Hon. Frank J. Smith, Judge.

Action to recover on promissory note. Judgment for defendant. On motion, *appeal dismissed* on the ground that appeal bond was not filed within five days after the service of notice of appeal.

G. W. Lamson, for Appellant.

Hawley, Puckett & Hawley and Frank Estabrook, for Respondent.

Counsel file no briefs on motion to dismiss appeal.

SULLIVAN, J.—This is a motion to dismiss the appeal on the ground that the undertaking on appeal was not filed with the clerk of the district court from whence this appeal was taken, within five days after the service of the notice of appeal, as provided by section 4808, Revised Statutes. Said section is as follows: "An appeal is taken by filing with

the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. The order of service is immaterial, but the appeal is ineffectual. for any purpose, unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing.''

The transcript shows that the notice of appeal was served on opposing counsel on the seventeenth day of November, 1906, and the undertaking on appeal was filed on the twenty-third day of that month, six days after the notice of appeal was served.

It appears from the affidavit of the attorney for appellant presented on this motion that said attorney resides at the city of Nampa in Canyon county, and that the county seat of said county is Caldwell; that on the twentieth day of November, 1906, said undertaking was duly executed and forwarded to the clerk of the trial court by United States mail, postage prepaid, on the twenty-first day of November.

The affidavit of the clerk of said court is presented on said motion, and it appears therefrom that on several occasions the said clerk had been informed, by said attorney, that papers mailed at Nampa addressed to him, the clerk, at Caldwell for filing were delayed in the mail and were not filed in his office within two days of the date of mailing from Nampa; that in some instances when the mail reached his office late in the afternoon, it was not opened on that day, and the documents received by him for filing were not filed until the following morning; and that he is not able to recall any particular instance of the filing of any particular paper, but that the undertaking on appeal in the above-entitled action, showing the filing date of the twenty-third day of November, 1906, might have reached his office on the twenty-second day of November, 1906.

It will be observed from the foregoing that it does not appear that said undertaking was received by the clerk on

the twenty-second day of November. The presumption is that a paper for filing with clerk of a court was received on the day the filing mark indicates. Of course, that presumption may be overcome by evidence, but we do not think the showing in this case overcomes that presumption. Some authorities have been cited on the proposition that litigants ought not to suffer because of the neglect of duty by court officers. That rule is well established, and we recognize it in its full force and effect, but this case does not fall within that rule, as it is not shown that the clerk received the under-taking on the 22d of November.

Under the provisions of our statute, certain papers may be served by mail, but those provisions do not apply to the filing of undertakings on appeal. The provisions of section 4808, Revised Statutes, are very plain and mandatory in declaring that the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertak-ing is filed with the clerk.

If a litigant desires to take the chances of sending his undertaking on appeal to the clerk through the mail, he, of course, may do so, but unless such undertaking is placed in the hands of the officer for filing within the time pre-scribed by statute, the appeal is ineffectual for any purpose. (*Brown v. Hanley,* 3 Idaho, 219, 28 Pac. 425.)

The motion must be sustained and the appeal dismissed and it is so ordered. Costs of the appeal are awarded to the respondent.

Ailshie, C. J., concurs.