(January 17, 1910.)

## SAM HAAS et al., Appellants, v. A. R. TETERS, Respondent.

### [106 Pac. 305.]

'APPEAL—MOTION TO DISMISS—UNDERTAKING ON APPEAL.

    1. Under the provisions of sec. 4808, Rev. Codes, an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same or some specific part thereof, and serving a similar notice on the adverse party, or his attorney, but the appeal is ineffectual for any purpose, unless within five days after service of the notice of appeal an undertaking is filed or a deposit of money is made with the clerk as provided by law, or the undertaking waived by the adverse party in writing.

    2. Where the notice of appeal is served on the 12th day of October, 1909, and the undertaking on appeal was not filed until the 22d day of October, 1909, the appeal will be dismissed on motion.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed L. Bryan, Judge.

Respondent moved to dismiss the appeal on the ground, among other things, that the undertaking on appeal was not filed within five days after the notice of appeal was served as provided by sec. 4808, Rev. Codes. Motion granted and appeal dismissed.

J. A. Elston, and Griffiths & Griffiths, for Appellants, cite no authorities on point decided.

George W. Lamson, for Respondent.

Sec. 4808, Rev. Codes, provides that an appeal is ineffectual for any purpose unless within five days after service of notice of appeal an undertaking be filed or a deposit of money be made with the clerk or the undertaking waived by the adverse party in writing. The statute has not been complied with and the appeal should be dismissed. (*Hattabaugh v.*

*Vollmer,* 5 Ida. 23, 46 Pac. 831; *Cole v. Fox,* 13 Ida. 123, 88 Pac. 561; *Brown v. Hanley,* 3 Ida. 219, 28 Pac. 425.)

SULLIVAN, C. J.—Respondent moves to dismiss the appeal on the ground, among other things, that the undertaking was not filed within five days after the notice of appeal was served on the attorney for the adverse party, as provided by sec. 4808, Rev. Codes.

It appears from the record that the notice of appeal was served on the 12th day of October, 1909, and the undertaking was not filed with the clerk of the proper court until the the 22d day of October, 1909, making ten days between the service of the notice of appeal and the filing of the undertaking. Under the provisions of said section of the statute, the undertaking must be filed within five days after the notice of appeal is served upon the adverse party or his attorney, or the appeal is ineffectual for any purpose. As the undertaking was not filed until ten days after the notice of appeal was served, the motion must be granted, and it is so ordered. (*Cole v. Fox,* 13 Ida. 123, 88 Pac. 561; *West v. Dygert,* 13 Ida. 641, 92 Pac. 753; *Village of Hailey v. Riley,* 13 Ida. 749, 92 Pac. 756.)

Costs are awarded to respondent.

Stewart and Ailshie, JJ., concur.