(November 12, 1918.)

WOODMANSEE & WEBSTER COMPANY, a Corporation, Appellant, v. VILATE WOODMANSEE, Respondent.

[176 Pac. 148.]

APPEAL AND ERROR—TRANSCRIPT—UNDERTAKING ON APPEAL—TIME OF FILING—DISMISSAL.

1. In order to perfect an appeal and confer jurisdiction on this court, the undertaking must be filed with the clerk of the court below within five days after service of notice of appeal.

2. After the time for filing an undertaking on appeal has expired, the trial judge has no jurisdiction to order an undertaking to be filed as of a date within the prescribed period.

3. Where it is claimed that an undertaking on appeal was filed within the prescribed period and has been lost, which facts are disputed by respondent, questions as to the fact of the filing of such undertaking, and as to whether jurisdiction is conferred upon the appellate court, are questions to be decided by the appellate court and not by the court below.

4. When the transcript on appeal is not filed within the time prescribed by the rules of this court, and no extension of time has been granted, the appeal will be dismissed, in the absence of proof

that the failure to obtain an order extending the time within which the transcript may be filed was without fault on the part of appellant.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

Action to recover for goods sold and delivered. Judgment for defendant. Appeal *dismissed.*

N. D. Jackson and Soule & Soule, for Appellant. `

B. H. Miller and C. W. Poole, for Respondent.

Counsel cite no authorities on points decided.

RICE, J.—Notice of appeal in this case was served and filed December 28, 1916. Upon a showing made by appellant before the trial judge an undertaking on appeal, dated March 14, 1918, was ordered filed as of December 30, 1916.

In order that an appeal may be perfected, the undertaking thereon must be filed within five days after service of notice of appeal. (Rev. Codes, sec. 4808.) Failure to file an undertaking as required by the statute renders the appeal ineffectual and no jurisdiction is conferred upon this court. (*Hattabaugh v. Vollmer,* 5 Ida. 23, 46 Pac. 831; *Haas v. Teters,* 17 Ida. 550, 106 Pac. 305.) A *nunc pro tunc* order of a district judge requiring the clerk to file an undertaking on appeal as of a date within the statutory period cannot render the appeal effectual. The appeal must stand or fall, so far as the undertaking is concerned, upon the fact of filing or failing to file such undertaking within the time prescribed by statute. (See the case of *West v. Dygert,* 13 Ida. 641, 92 Pac. 753.)

In its showing before the district judge, the appellant sought to prove, by affidavits, that an undertaking had been filed in the office of the clerk of the district court within five days after notice of appeal was served. The district judge had no jurisdiction to consider or act upon a showing of such

a nature. Proof that an undertaking on appeal was duly filed in the court below, and was lost, should be addressed to this court, as it is the only tribunal with power to act in the premises.

Appellant, however, seeks to bring the proof before this court by reference to the certified copies of affidavits used by the trial judge. Waiving the question of the irregularity of attempting to supply proof in this court by reference to the certified copies of affidavits used in the court below, we would be obliged to hold that appellant's showing is insufficient.

An affidavit was presented by an officer of appellant corporation to the effect that he handed to some person in the clerk's office an undertaking on appeal within the prescribed time. Proof that an undertaking was filed in due time in the office of the clerk below, and that the same has been lost, may be made *dehors* the record. (*White v. Bettis,* 5 (Heisk.) Tenn. 374; *Gumberts v. Adams Express Co.,* 28 Ind. 181.) But in this case affidavits by the clerk of the court below, and his deputy and office clerk, were filed, in which they positively deny that any such undertaking was filed with any of them. The deputy clerk and office clerk also stated in their affidavits that during the time when this undertaking might have been filed there was no deputy or clerk acting other than the three mentioned.

It must be held, therefore, in the absence of the bond itself, that the showing is not sufficient to justify this court in holding that the same was filed within the statutory period.

Certain orders granting extensions of time within which to prepare and lodge the reporter's transcript of the testimony were made by the trial judge. Several of these orders were made after the time granted by the preceding order had expired. This objection, however, is not a proper ground for dismissing the appeal. It might be urged in a proceeding calling in question the power of the district judge to settle the transcript over the objection of respondent, or perhaps might be ground for a motion to strike the reporter's transcript from the record. These are questions which we do not decide as they are not properly before us.

But aside from the question raised as to the time of filing the undertaking, or the question as to the action of the trial judge in extending the time within which to lodge the reporter's transcript, respondent's motion to dismiss is based upon the ground that the transcript was not filed in this court, nor served upon the adverse party, as required by rules 26, 27 and 28 of the rules of this court. The transcript was filed in this court on July 29, 1918. This was approximately twenty months after the appeal was perfected, assuming it to have been perfected. Rule 26 of this court, in effect during the time within which the transcript should have been filed, provides that "in all cases where an appeal is perfected . . . . transcripts of the record . . . . must be served upon the adverse party and filed in this court within sixty days after the appeal is perfected." There is no showing that an application for extension of time for filing was ever made, and no such order has been given. Appellant did not show that its failure to apply for an extension of time was without fault on its part. (*Iowa State Sav. Bank v. Twomey et al.,* 31 Ida. 683, 175 Pac. 812; *Peterson v. Phelps,* 31 Ida. 692, 175 Pac. 709, and cases cited therein.)

The appeal is dismissed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.