(December 23, 1922.)

## JOHN N. KINGSBURY et al., Respondents, v. FRANK LEE, Appellant.

[211 Pac. 552.]

APPEAL—UNDERTAKING—JURISDICTION.

> The filing of an undertaking on appeal within five days after the service of notice of appeal to the supreme court is a jurisdictional requirement, and a failure to file the undertaking within such time, in the absence of a written waiver thereof by the adverse party, renders the appeal ineffectual for any purpose.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Action on contract. Judgment for respondents. *Appeal dismissed.*

J. G. Hedrick, for Appellant.

James S. Byers, for Respondents.

Counsel cite no authorities on point decided.

BUDGE, J.—The record in this case discloses the fact that the notice of appeal is dated February 17, 1921, that on the same day the attorney for appellant mailed to the attorney for respondents a copy of such notice of appeal, and the certificate of the clerk shows that a good and sufficient undertaking was filed on the 1st day of March, 1921. However, such undertaking was not filed within the time provided by C. S., sec. 7153: " . . . . but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

The record fails to disclose any waiver of the undertaking by the respondents, and whether the undertaking was a written one or a deposit of money, it was not filed with the clerk within five days after the service of the notice of appeal. The filing of the undertaking, or a waiver thereof by the adverse parties in writing, within the time prescribed by C. S., sec. 7153, *supra,* is a jurisdictional requirement and must be complied with or the appeal is ineffectual for any purpose. This court has laid down this rule on many occasions: *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148; *Cole v. Fox,* 13 Ida. 123, 88 Pac. 561; *Haas v. Teters,* 17 Ida. 550, 106 Pac. 305; *Hattabaugh v. Vollmer,* 5 Ida. 23, 46 Pac. 831; *Brown v. Hanley,* 3 Ida. 219, 28 Pac. 425.

Upon that authority the appeal should be dismissed, and it is so ordered. Costs are awarded to respondents.

McCarthy, Dunn and Lee, JJ., concur.