(April 14, 1923.)

## JAMES KIMZEY and GROVER C. KIMZEY, Respondents, v. HIGHLAND LIVESTOCK & LAND COMPANY, a Corporation, Appellant.

[214 Pac. 750.]

APPEAL—DISMISSAL—FILING OF NOTICE OF APPEAL—FILING OF UNDERTAKING ON APPEAL—JURISDICTION.

1. An appeal from an order overruling motion for a new trial taken after the expiration of time as provided by C. S., sec. 7152, will be dismissed.

2. Where undertaking on appeal is not filed within five days after service of notice of appeal, nor a deposit of money made with the clerk, nor the undertaking waived by the adverse party in writing, as provided by C. S., sec. 7153, the appeal will be dismissed.

3. The filing of the notice of appeal and undertaking within the statutory time are jurisdictional requirements.

APPEAL from the District Court of the Third Judicial District, for Boise County. Hon. Charles P. McCarthy, Judge.

Action for damages for trespass by sheep. Judgment for plaintiffs. *Appeal dismissed.*

Frawley & Koelsch, for Appellant.

P. E. Cavaney, for Respondents.

Counsel cite no authorities on points decided.

BUDGE, C. J.—This action was brought to recover damages occasioned by an alleged trespass of sheep. The cause was tried to the court and jury and judgment rendered in favor of respondents. Thereafter, a motion for a new trial was made and overruled by the court and this appeal is from the order overruling the motion.

It appears from the record that the order overruling the motion for a new trial was made on the 27th day of December, 1920, and filed by the clerk on the 29th day of December, 1920. The notice of appeal was not filed with the clerk until March 1, 1921, more than sixty days after the filing of the order overruling the motion.

C. S., sec. 7152, provides:

"An appeal may be taken to the supreme court from a district court . . . .

"2. From an order granting or refusing a new trial . . . . within 60 days after the order . . . . is made and entered on the minutes of the court, or filed with the clerk."

C. S., sec. 7153, provides:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same . . . . and serving a similar notice on the adverse party, or his attorney."

It will be noted that in both statutes the time is computed from the time of filing. This court has repeatedly held that an appeal taken after the expiration of the statutory time will be dismissed. (*Glenn v. Aultman & Taylor M. Co.*, 30 Ida. 719, 167 Pac. 1163; *Mills v. Board of County Commrs.*, 35 Ida. 47, 204 Pac. 876; *Chapman v. Boehm*, 27 Ida. 150, 147 Pac. 289; *Continental & Commercial Trust & Savings Bank v. Werner*, 36 Ida. 601, 215 Pac. 458.) In the two cases last cited the filing of the notice of appeal within the statutory time was held to be jurisdictional.

A further examination of the record discloses that the undertaking was not filed until May 7, 1921, as shown by the undertaking and certificate of the clerk. This was more than two months after the filing and service of the notice of appeal.

C. S., sec. 7153, provides, *inter alia:*

" . . . . but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

No waiver of the undertaking appears in the record and the clerk does not certify to a deposit as having been made.

In the recent case of *Kingsbury v. Lee,* 36 Ida. 447, 211 Pac. 552, it was said: "The filing of the undertaking, or a waiver thereof by the adverse parties in writing, within the time prescribed by C. S., sec. 7153, *supra,* is a jurisdictional requirement and must be complied with or the appeal is ineffectual for any purpose. This court has laid down this rule on many occasions. (*Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148; *Cole v. Fox,* 13 Ida. 123, 88 Pac. 561; *Haas v. Teters,* 17 Ida. 550, 106 Pac. 305; *Hattabaugh v. Vollmer,* 5 Ida. 23, 46 Pac. 831; *Brown v. Hanley,* 3 Ida. 219, 28 Pac. 425.)"

For the foregoing reasons this court is without jurisdiction to consider this appeal and the same should be dismissed, and it is so ordered. Costs are awarded to respondents.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.