(October 21, 1924.)

SARAH RAY MYERS, Respondent, v. W. J. HARVEY, Administrator of the Estate of NELLIE RAY BURBANK, Deceased, Appellant.

[229 Pac. 1112.]

APPEAL—MOTION TO DISMISS—FILING NOTICE—TIME FIXED BY STATUTE—LAST DAY A HOLIDAY—FILING ON NEXT DAY—FILING UNDERTAKING—TIME FIXED BY STATUTE—JURISDICTION.

1. When the last day to perform an act required by law is a holiday, performance on the next day which is not a holiday suffices.

2. The filing of an undertaking on appeal within the time required by statute is jurisdictional.

3. Failure to file an undertaking on appeal within the time fixed by statute is ground for dismissing the appeal, when the undertaking is not waived.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action to recover reasonable value of services. Motion to dismiss appeal. *Appeal dismissed.*

Peterson & Coffin, for Appellant.

The notice of appeal and undertaking on appeal were served and filed in time. (*Jenness v. Bowen,* 77 Cal. 310, 19 Pac. 522; *Robinson v. Templar Lodge,* 114 Cal. 41, 45 Pac. 998; *City of Spokane Falls v. Browne,* 3 Wash. 84, 27 Pac. 1077.)

Stevens & Downing and Lockhart & Lockhart, for Respondent.

Appeal was not perfected in the time prescribed by sec. 7152, C. S. (*Glenn v. Aultman & Taylor M. Co.,* 30 Ida. 719, 167 Pac. 1163; *Mills v. Board of County Commrs.,* 35 Ida. 47, 204 Pac. 876; *Chapman v. Boehm,* 27 Ida. 150, 147

Pac. 289; *Continental & Commercial etc. Bank v. Werner,*
36 Ida. 601, 215 Pac. 458; *Reberger v. Johanson,* 38 Ida.
618, 223 Pac. 1079.)

The undertaking on appeal was not filed within the time
prescribed by C. S., sec. 7153.

The filing of the notice of appeal and undertaking within
the statutory time are jurisdictional requirements. (*Kimzey
v. Highland Livestock Co.,* 37 Ida. 9, 214 Pac. 750; *Wood-
mansee etc. Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148;
*Cole v. Fox,* 13 Ida. 123, 88 Pac. 561; *Haas v. Teters,* 17 Ida.
550, 106 Pac. 305; *Hattabaugh v. Vollmer,* 5 Ida. 23, 46 Pac.
831; *Brown v. Hanley,* 3 Ida. 219, 28 Pac. 425; *Kingsbury
v. Lee,* 36 Ida. 447, 211 Pac. 552.)

McCARTHY, C. J.—Respondent moves to dismiss the
appeal on the following grounds: (1) that it was not per-
fected within the time prescribed by C. S., sec. 7152;
(2) that the undertaking was not filed within the time
prescribed by C. S., sec. 7153. C. S., sec. 7152, provides that
an appeal must be taken within 90 days from the entry
of judgment. This means that the notice of appeal must
be filed within 90 days. Sec. 7153 provides that within
five days after service of the notice of appeal an under-
taking must be filed. In this case judgment was entered
June 12, 1922. Notice of appeal was served Sept. 9, but
filed Sept. 11. Undertaking on appeal was filed Sept. 16.
C. S., sec. 9451, reads:

"The time in which any act provided by law is to be
done is computed by excluding the first day, and including
the last, unless the last is a holiday, and then it is also
excluded."

Sunday is a holiday within the meaning of the statutes.
(C. S., sec. 9450.) The notice of appeal was served on the
89th day, but filed on the 91st day. However, the 90th
day, Sept. 10th, was Sunday. Therefore the filing of the
notice of appeal on Sept. 11th was timely. (C. S., sec. 9451,
*supra.*)

Referring now to the second ground of the motion, the notice of appeal was served on Sept. 9th, but the undertaking was not filed until Sept. 16th. C. S., sec. 7153, provides:

" . . . . but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

The filing of the undertaking on appeal is jurisdictional as well as the filing of the notice. Since the undertaking in this case was not filed within five days after service of the notice, and there was no waiver, the second ground of the motion to dismiss is well .taken and the appeal must be dismissed. To this effect, see *Brown v. Hanley,* 3 Ida. 219, 28 Pac. 425; *Cole v. Fox,* 13 Ida. 123, 88 Pac. 561; *Haas v. Teters,* 17 Ida. 550, 106 Pac. 305; *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148; *Kingsbury v. Lee,* 36 Ida. 447, 211 Pac. 552; *Kimzey v. Highland Livestock etc. Co.,* 37 Ida. 9, 214 Pac. 750. In *People v. Hunt,* 1 Ida. 371, the court said that the undertaking must be filed within five days after the filing of the notice of appeal, citing the Civil Practice Act, sec. 296, passed by the first session of the legislature in 1864. It provided expressly that the undertaking shall be filed within five days after the notice of appeal is filed. The decision is therefore not in point under our present statute. In *Hattabaugh v. Vollmer,* 5 Ida. 23, 46 Pac. 831, this court said that under R. S., sec. 4808, the undertaking must be filed within five days after the filing and service of the notice of appeal. The court misquoted the statute which provided that the undertaking must be served within five days after service of the notice of appeal. (See R. S., sec. 4808, Code of Civil Procedure of 1881, sec. 643.) Under the statute now in force the appeal must be dismissed on the ground that the undertaking was not filed within the time prescribed by law. The motion is granted, with costs to respondent.

Budge, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.