(January 3, 1925.)

MARY McCURTAIN, A. J. KOEBEL and WILLIAM J.
COSTELLO, Appellants, v. J. W. NEWTON, C. H.
VANCURLER, W. M. HOLLEMBAEK, W. C. AMES
and J. D. COLLINS, Respondents.

[232 Pac. 565.]

UNDERTAKING ON APPEAL—FAILURE TO FILE IN TIME—DISMISSAL OF
ACTION.

This court will dismiss an appeal on its own motion when it ap-
pears that an undertaking on appeal was not filed within five days
after service of the notice of appeal, and that no deposit was made
and the undertaking was not waived, as provided in C. S., sec.
7153.

APPEAL from the District Court of the Eighth Judicial
District, for Bonner County. Hon. John M. Flynn, Judge.

Action to enjoin the sale of corporate stock. Temporary
injunction dissolved and action dismissed. *Appeal dismissed.*

Myrvin Davis and W. J. Costello, for Appellants.

John J. Fitzgerald, for Respondents.

Counsel file no briefs on point decided.

WM. E. LEE, J.—This action was brought to enjoin the sale
of certain stock of a corporation because of a failure to pay
an assessment. The court issued a temporary injunction.
The cause was tried on the merits, and the temporary injunc-
tion was dissolved and the action dismissed. The decree was
filed June 22, 1923. Notice of appeal to this court was filed
June 30, 1923. That the notice of appeal was served by
mail is disclosed by an affidavit dated and filed July 2, 1923,
the date of mailing the notice not being specifically stated.
The clerk of the trial court certifies "that an undertaking
on appeal in due form has been properly filed by said plain-

40 Idaho—26

tiffs and appellants on the 12th day of July, 1923, to which no exception has been filed.'' It is apparent, therefore, that the undertaking on appeal was filed at least ten days after service of the notice of appeal. Under C. S., sec. 7153, an appeal to this court " . . . . is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed, . . . . '' The undertaking not having been filed within five days after service of notice of appeal, this court is without jurisdiction to consider the appeal. (*Kimzey v. Highland Livestock & Land Co.,* 37 Ida. 9, 214 Pac. 750; *Myers v. Harvey,* 39 Ida. 724, 229 Pac. 1112, and cases there cited; *Rupert National Bank v. Insurance Company of North America, post,* p. 530, 234 Pac. 465.)

This action is taken by the court on its own motion, the matter not having been, in any manner, by counsel, brought to the court's attention. In *Myers v. Harvey,* there was a motion to dismiss, but in the two other cases cited above, action was taken by the court on its own motion. That the practice must be uniform and applied to all cases alike there is no room for argument. .

Appeal dismissed. Costs to respondent.

McCarthy, C. J., Budge and William A. Lee, JJ., concur.