(No. 5103.    December 8, 1927.)

CHARLES MELQUIST, Appellant, v. BOARD OF COMMISSIONERS OF BONNER COUNTY and N. C. INGRAM, Respondents.

[261 Pac. 774.]

APPEAL AND ERROR—UNDERTAKING ON APPEAL—FAILURE TO FILE—DISMISSAL.

1. Under C. S., secs. 7152, 7153, 7238, on appeal to supreme court from judgment of the district court sustaining board of county commissioner's allowance of claims against county, undertaking must be given as in other cases on appeal to supreme court, since section 3510, under which no bond is required, is restricted to appeals from orders of the board of county commissioners to the district court.

2. Compliance with C. S., sec. 7153, expressly declaring that an appeal is ineffectual unless within five days after filing notice of appeal an undertaking or waiver thereof is filed, is jurisdictional.

Opinion of the Court—T. Bailey Lee, J.

3.  Where it appears that C. S., sec. 7153, requiring filing of undertaking on appeal or waiver thereof, has been ignored, the supreme court will dismiss appeal on its own motion.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County.  Hon. C. L. Heitman, Judge.

Motion to dismiss appeal.  *Appeal dismissed.*

Sidney H. Smith, Prosecuting Attorney, and James F. Ailshie, for Respondents.

Myrvin Davis, for Appellant.

Counsel cite no authorities on points decided.

T. BAILEY LEE, J.—[1]  The board of county commissioners of Bonner county entered its order allowing certain claims against the county in favor of respondent, Ingram. Charles Melquist, a taxpayer of said county, appealed from the order to the district court, where after a trial *de novo* judgment was entered sustaining the board's allowance. From that judgment Melquist has appealed to this court. Respondent board has moved to dismiss the appeal upon the ground that no service of the notice of appeal has been had upon respondent Ingram, a party who will be adversely affected by a reversal of the judgment appealed from.  This motion recites that it is based, among other things, upon an annexed certificate of the clerk of the district court of Bonner county.  An inspection of such certificate, together with the voluntary admissions and declarations in appellant's brief, make unnecessary any determination of the question of service on respondent Ingram.  The certificate discloses that notice of appeal was filed May 10, 1927, and that no undertaking had been filed at the date of the cer-

Publisher's Note.
  See Appeal and Error, 3 C. J., sec. 1141, p. 1106, n. 54, p. 1107, n. 57; 4 C. J., sec. 2402, p. 591, n. 18.

tificate, October 11, 1927. Appellant admits that no under-taking has been filed, but seeks to avoid the failure by invoking the provisions of C. S., sec. 3510, pursuant to which, he declares, the district judge advised him no under-taking would be required. This section is restricted in its application to appeals from orders of the board to the dis-trict court. . It has no reference to appeals to the supreme court from judgments of the district court rendered on ap-peal from orders of the board. This latter procedure is exclusively governed by C. S., secs. 7152 and 7153; and, in case of appeal from such judgments, an undertaking must be given as in any other case on appeal to the supreme court. (*Foresman v. Board of Commrs.*, 11 Ida. 11, 80 Pac. 1131.)

[2, 3] The only litigants exempted from giving such undertakings are those enumerated in C. S., sec. 7238, which has no application here. And C. S., sec. 7143, expressly declares that an appeal is ineffectual, unless within five days after service and filing of the notice of appeal an under-taking or a waiver thereof in writing be filed. Compliance with this requirement is jurisdictional. (*McCurtain v. Newton*, 40 Ida. 401, 232 Pac. 565; *Myers v. Harvey*, 39 Ida. 724, 229 Pac. 1112; *Kimzey v. Highland Livestock & Land Co.*, 37 Ida. 9, 214 Pac. 750.) And where it appears that the requirement has been ignored, this court will dis-miss the appeal on its own motion. (*McCurtain v. Newton*, *supra.*)

Appeal dismissed. Costs to respondents.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.