380 P.2d 214

**Ila OLIVERSON, Plaintiff-Appellant,**

v.

**Jean ANDERSON, Jack Anderson, and Jean Anderson and Jack Anderson, dba. The Franklin Cafe, Defendants-Respondents.**

**No. 9235.**

Supreme Court of Idaho.

March 21, 1963.

Black & Black, Pocatello, for appellant.

Dell W. Smith, Preston, Gee, Hargraves & Armstrong, Pocatello, for respondents.

McFADDEN, Justice.

Plaintiff-appellant, Ila Oliverson, instituted this action to recover damages for injury to her character and reputation claimed to have occurred as a result of certain oral statements made by the defendants-respondents. Under discovery procedure, each litigant to this action took the deposition of the other party. The deposition of one of appellant's witnesses was also taken by respondents. Respondents submitted certain affidavits, and moved for summary judgment. The trial court granted this motion and the summary judgment, dated March 23, 1962, was filed March 26, 1962.

Appellant's notice of appeal was timely filed on May 23, 1962. Upon the oral argument of the appeal before this court respondent moved for dismissal of the ap-

**414**

peal on the ground the undertaking on appeal was not timely filed, which motion was thereafter submitted in writing.

The transcript on appeal reflects that the undertaking on appeal was filed by the Clerk of the District Court on June 25, 1962. However, a subsequent certificate by the Clerk of the District Court states:

"That the 'Undertaking on Appeal' contained in the letter from Richard R. Black, dated May 25, 1962, and pertaining to the above entitled cause, was received May 29, 1962."

The affidavit of appellant's counsel states:

"* * * that on or about the 23rd day of May, 1962, on behalf of Plaintiff, I filed a Notice of Appeal and served the same upon the attorney for Defendants, Merrill K. Gee; that on the 25th day of May, 1962, I mailed to the Honorable F. J. Rasmussen, District Judge, and Cleo Swensen, the Clerk of the District Court at the Court House at Preston, Idaho, the following documents.

"1. Application for Reporter's Transcript.

"2. Order for Reporter's Transcript.

"3. Praecipe on Appeal.

"4. Undertaking on Appeal.

"5. Check of Black & Black, Attorneys * * *".

Appellant submitted the affidavit of the United States Postmaster at Pocatello, Idaho, which stated:

"That correspondence addressed to the Clerk of the District Court in the Courthouse at Preston, Idaho, would be delivered in the regular course of the mails on the day following the day said correspondence was placed in the mails at Pocatello, Idaho."

That portion of I.C. § 13–202 pertinent here, reads:

"The appeal is ineffectual for any purpose unless prior to or at the time of filing the notice of appeal or within five (5) days thereafter, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

There has been no waiver of the requirement of an undertaking in this appeal, nor does the record reflect that the undertaking on appeal was filed with the clerk within the five days subsequent to filing of the notice of appeal.

■ This court from its earliest days to the present has repeatedly held that the filing of an undertaking on appeal as required and within the time prescribed by I.C. § 13–202 is mandatory, and compliance

with such statute is jurisdictional. A few of these decisions are: Shissler v. Crooks, 1 Idaho 369; Brown v. Hanley, 3 Idaho 219, 28 P. 425; Hattabaugh v. Vollmer, 5 Idaho 23, 46 P. 831; Cole v. Fox, 13 Idaho 123, 88 P. 561. More recent decisions being: Melquist v. Board of Commissioners, 45 Idaho 296, 261 P. 774; Caldwell v. Evans, 47 Idaho 342, 275 P. 779; Marine Mart v. Kruger, 75 Idaho 345, 272 P.2d 307; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669; Martin v. Soden, 80 Idaho 416, 332 P.2d 482.

The language employed by Justice Sullivan in Cole v. Fox (supra) is appropriate here:

"Under the provisions of our statute, certain papers may be served by mail, but those provisions do not apply to the filing of undertakings on appeal. The provisions of section 4804 Rev.St. 1887, (predecessor of I.C. § 13–202) are very plain and mandatory in declaring that the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking is filed with the clerk.

"If a litigant desires to take the chances of sending his undertaking on appeal to the clerk through the mail, he, of course, may do so, but unless such undertaking is placed in the hands of the officer for filing within the time pre-scribed by statute, the appeal is ineffectual for any purpose."

The undertaking on appeal not having been placed in the hands of the clerk, and hence not filed within the period prescribed by statute, and no written waiver of the undertaking being of record, the motion to dismiss the appeal must be and the same hereby is granted, and the appeal dismissed.

Costs to respondents.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.