[No. 1198.]

GEORGE ALT, RESPONDENT, v. CALIFORNIA FIG SYRUP COMPANY, APPELLANT.

APPEAL—DEPOSIT OF MONEY IN LIEU OF APPEAL BOND—CERTIFICATE OF BANK DEPOSIT.—The presentation to and acceptance by the clerk of the court of a certificate of deposit is a sufficient compliance with the statutory requirement, that to render an appeal effectual the appellant may, instead of giving an undertaking with sureties, deposit money equal in amount to the sum named in the undertaking, if the transaction is made in good faith.

MOTION to dismiss appeal from the District Court of the Seventh Judicial District, Washoe County.

*R. H. Lindsay,* for Respondent, for the motion.

*Thomas E. Haydon,* for Appellant, against the motion.

By the Court, BELKNAP, J.:

This is a motion to dismiss an appeal because of appel-

lant's alleged failure to give the undertaking or deposit the money necessary to make an appeal effectual.

Upon the evening of the fifth day following the appeal, the defendant presented the clerk of the district court with a certificate of deposit payable to his order, and issued by the First National Bank of Reno, for the sum of two thousand two hundred and twenty-one dollars and ten cents, and requested a receipt for this amount of money. The clerk was disinclined to treat the certificate as money. In this emergency he was requested by defendant's attorney to accompany him to the bank that issued the certificate and have it cashed. The clerk had no suitable place for safely keeping the money, and, preferring to treat the certificate as money, rather than have the coin or currency in his custody that night, receipted to appellant for two thousand six hundred and twenty-one dollars and ten cents, and received therefor the certificate. The next day the bank paid the certificate upon presentation by the clerk.

We are of the opinion that these facts constitute a compliance with the statutory requirements, that to render an appeal effectual the appellant may, instead of giving an undertaking with sureties, deposit money equal in amount to the sum named in the undertaking. This conclusion is reached because all of the acts of the appellant in the premises are characterized by good faith, and an intention to meet the substantial requirements of the statute. Appellant probably employed the certificate of deposit instead of the actual money as a matter of safety and convenience in the first instance. When the clerk, consulting his own accommodation, accepted the certificate, not for the purpose of assisting in a simulated compliance with the law, but because the amount of money called for by the certificate had been appropriated to its payment, the requirements of the statute were substantially performed.

Motion denied.