Filed April 2, 1890.

---

No. 14,102.

## BORN *v.* THE FIRST NATIONAL BANK OF INDIANAPOLIS.

CHECK.—*Certification of by Holder.*—*Release of Drawer.*—The drawer of a check is released if the holder, instead of presenting it for payment himself, procures it to be certified by the bank upon which it is drawn. By his own act he makes the bank his debtor, and releases the drawer of the check.

SAME.—*Certification of Before Delivery.*—*What it Signifies.*—Where a check is certified before delivery it operates in favor of third parties simply as an assurance that it is genuine, and will be paid. The bank that certifies it becomes bound, but beyond this nothing is added to the legal force or effect of the instrument.

SAME.—*Certified*— *Acceptor of.*—*What he is Bound to Do.*—*Solvency of Bank* —*Who Takes Risk of.*—A party who accepts a certified check, in the usual course of business, is not bound to take the risk of the solvency of the bank upon which it is drawn. He is bound to do only what the law requires, and that is to promptly and seasonably present the check for payment. The party who selects for himself the bank which he will trust with his money assumes the risk of its solvency.

SAME.—*Acceptance of.*—*Certified Check Not Payment without Special Agreement.*—In accepting a check instead of money the creditor dispenses with the necessity of payment in the legal mode, and the reason-

Born *v.* The First National Bank of Indianapolis.

able implication is that the check shall be a payment only in the event that it is honored on presentation. A certified check can not take the place of money without an express agreement to that effect, and, therefore, can not, by its own intrinsic force, operate as payment. To make it a payment something must be added, and that something must be an agreement, express or implied, that it shall be regarded as money, the legal medium of payment.

SAME.—*Certification.*—*What it Means.*—The certification of a check simply means that the bank upon which it is drawn will honor it, and there is no reason for implying that one who receives it in the usual course of business does so upon the faith that the certification implies that the bank is both willing and able to pay it.

From the Marion Superior Court.

*J. E. McDonald, J. M. Butler, A. H. Snow, J. M. Butler, Jr., J. A. Pritchard* and *H. T. Tincher,* for appellant.

*R. Hill,* for appellee.

ELLIOTT, J.—On the 30th day of January, 1886, the appellant was indebted to the appellee, and, after twelve o'clock, noon, of that day, he delivered to it a certified·check drawn by him on Ritzinger's bank, in which bank he then had money on deposit. The banks of the city of Indianapolis had a long established rule requiring all checks presented after twelve o'clock, noon, to be certified by the bank upon which they were drawn, and it was the well-known custom of such banks to immediately charge the checks certified by them against the depositor. This was done in this instance, and the amount of the check was set aside for the purpose of paying it. Ritzinger's Bank suspended payment, and made a voluntary assignment for the benefit of creditors prior to the business hours of the first day after the check was delivered to the appellee.

We agree with the appellant's counsel that the drawer of a check is released if the holder, instead of presenting it for payment himself, procures it to be certified by the bank upon which it is drawn. If the holder elects to procure the certification of the check, it becomes, in his hands, substantially a certificate of deposit. By his own act he makes the

bank his debtor, and releases the drawer of the check. The reason for this rule is, that the moment the check is certified the funds cease to be under the control of the original depositor and pass under the control of the person who procures the certification of the check drawn in his favor. *First Nat'l Bank* v. *Leach,* 52 N. Y. 350 ; *Thomson* v. *Bank, etc.,* 82 N. Y. 1 ; *Girard Bank* v. *Bank of Penn Tp.,* 39 Pa. St. 92 ; *Freund* v. *Importers, etc., Bank,* 76 N. Y. 352. It is true that the bank by which the check is certified becomes bound for its payment, and that it can not defeat the right of the holder upon the ground that the drawer has no funds on deposit. *Espy* v. *Bank of Cincinnati,* 18 Wall. 604. But it is very clear that the authorities to which we have referred do not directly rule this case, for here the holder did not procure the certification of the check ; all that it did was to accept the check in the ordinary course of business. Nor do we regard this case as within the sweep of the reasoning of the courts in the cases to which reference has been made. Here the holder accepted the check as it was offered, and did nothing to make the drawee its debtor. The principle which gives force and strength to the decisions referred to, fails entirely where there is no act done by the holder of the check save that of receiving it in the form in which it is presented, for the element which sustains those decisions is, that the holder by procuring the certification of the check after he becomes the owner, voluntarily makes the bank upon which it is drawn his debtor, thus releasing the drawer. It is, in such a case, the holder's own act that changes the relation and situation of the parties.

The certification of a check does not completely change its character ; on the contrary, it changes it only in one particular, although the change, it is true, does produce a difference in the relation of the original parties, inasmuch as the drawee ceases to be the debtor of the drawer for the amount represented by the check. But this is the extent of the change in the situation of the respective parties in all cases

where the certification is not procured by the holder of the check after it passes into his hands. It remains an order for the payment of money, and the certification, when made before delivery, operates in favor of third parties simply as an assurance that it is genuine, and will be paid. The bank that certifies it becomes bound, but, beyond this, nothing is added to the legal force or effect of the instrument, except, as we have said, in cases where the holder himself procures its certification.

The party who accepts a certified check in the usual course of business is not bound to take the risk of the solvency of the bank upon which it is drawn. He is bound only to do what the law requires, and that is to promptly and seasonably present the check for payment. A party to whom a debt is owing has a right to demand payment of his claim in money, for, in the absence of an express agreement, payment can only be made in money. *Hancock* v. *Yaden*, 121 Ind. 366. In accepting a check instead of money, the creditor dispenses with the necessity of payment in the legal mode, and the reasonable implication is that the check shall be a payment only in the event that it is honored on presentation. To hold otherwise would, as the Supreme Court of the United States has suggested, seriously interfere with commercial and financial transactions, and break down an established system. *Merchants' Bank* v. *State Bank*, 10 Wall. 604. Nor is there any rule of law which requires it to be so held ; the analogies are, indeed, the other way, for, as only money is payment where there is no express agreement, there is no sufficient reason for inferring that an order for money, although accepted, is money, or has the same effect as money.

A bank upon which a check is drawn is not liable upon the check unless it is certified as good. *Harrison* v. *Wright*, 100 Ind. 515. The certification fixes the liability of the bank, but it does no more. It does not change the situation of the party who takes the check, nor does it make the check

money.   As it is not money, but is simply an accepted order for money, it does not, of its own force and vigor, operate as money.   It can not take the place of money without an express agreement to that effect, and, therefore, can not by its own intrinsic force operate as payment.   To make it a payment something must be added, and that something must be an agreement, express or implied, that it shall be regarded as money, the legal medium of payment.

The obvious purpose of certifying checks is to assure the persons to whom they are offered that they are genuine, and will be paid; not that the bank that certifies them is solvent.   There is nothing in the nature of the transaction that suggests, in the faintest degree, that certification is evidence of the solvency and ability of the drawee.   It is perfectly clear that the certification of a check means simply that the bank upon which it is drawn will honor it, and there is no reason for implying that one who receives it in the usual course of business does so upon the faith that the certification implies that the bank is both willing and able to pay it.   The certification is not intended to convey information as to the solvency of the bank; none of the parties can be regarded as giving it that force ; and, if not, then it can not be inferred that any of them agreed that the certification of the check impressed it with the character of money.   We suppose that no one who accepts a certified check gives a thought to the question of the solvency of the bank upon which it is drawn other than such as he would give if there were no certification ; for it would be unnatural and unreasonable to do so, inasmuch as the certification is, in terms and in implication, no more than an agreement that the check will be paid on presentation.   It neither represents nor touches the question of the solvency of the bank upon which it is drawn.   There is, therefore, no just reason for concluding that the party who takes a certified check in the ordinary course of business assumes the risk of the solvency of the bank chosen by the drawer of the check as his place of deposit.   The fair and

reasonable implication is that the party who selects for himself the bank which he will trust with his money assumes the risk of its solvency.

The certification of a check is not intended to convey to the person to whom it is offered an assurance that the bank upon which it is drawn is solvent, for there is nothing in the nature of the transaction, nor in the form of the contract, which authorizes the inference that any of the parties expected, or intended, that it should have that effect. It can not, therefore, be implied that the acceptance of the check by the creditor, *ipso facto*, released the drawer, and imposed upon the creditor the risk of the solvency of the bank by which the check was certified.

It is, and long has been, settled law that an ordinary check does not constitute payment. This doctrine is so well settled that it is unnecessary to refer to the authorities. Accepting, as we must, this rule as obligatory, we can not conclude that a certified check constitutes payment, unless we assume that the certification makes it the equivalent of money as a medium of payment. But neither in principle nor authority is there to be found warrant for this assumption, for, as we have seen, the nature of a check is not changed by certification, except in the one particular already indicated. As there is no other change, it is logically impossible that the effect of that change can make the check the equivalent of money.

From whatever point of view the question is examined it appears clear that there is no release of the drawer of the check, unless there is either an express or an implied agreement to that effect.

There is scant authority upon the direct question. The reason for this barrenness is, that the use of certified checks is of modern origin. But, scarce as the authorities are, our conclusion that a certified check does not of its own force and vigor operate as a payment, is not without support from the decided cases. In *Bickford* v. *First Nat'l Bank*, 42 Ill. 238, it was expressly decided that a certified check does not con-

stitute payment. To the same effect are the decisions in *Rounds* v. *Smith,* 42 Ill. 245; *Brown* v. *Leckie,* 43 Ill. 497; *Mutual Nat'l Bank* v. *Rotge,* 28 La. Ann. 933; *Andrews* v. *German Nat'l Bank,* 9 Heisk. 211 (24 Am. R. 300). The question received consideration in the recent case of *Larsen.* v. *Breene,* 12 Col. 480, and it was held that a certified check was not a payment. This general doctrine is asserted by Mr. Tiedeman, who says: "And the same rule applies, although the check had been certified before its delivery to the payee or holder; the certification only having the effect in that case of increasing its currency by adding the liability of the bank to that of the drawer." Tiedeman Com. Paper, section 456.

There was no substitution of one debtor for another, in this instance, and the contention of appellant's counsel that there was a novation can not prevail. The delivery of the check was simply a conditional payment. The release of the original debtor was dependent upon the condition that the check should be honored on presentation. He still remained the debtor, for he was bound for the debt as long as the check remained unpaid. *Culver* v. *Marks,* 122 Ind. 554.

Judgment affirmed.

Filed April 2, 1890.