[No. 14926.   In Bank. — July 23, 1892.]

HENRY WIEBOLD ET AL., RESPONDENTS, v. J. J. RAUER. ET AL., APPELLANTS, AND J. J. RAUER, AP-PELLANT, v. HENRY WIEBOLD ET AL., RESPONDENTS.

APPEAL — UNDERTAKING — DEPOSIT OF MONEY — MOTION TO WITHDRAW DEPOSIT.— A party appealing to the supreme court, who has deposited in the trial court the amount of money required to be deposited by section 948 of the Code of Civil Procedure in lieu of an undertaking, will not be allowed, upon a motion therefor in the supreme court, to withdraw the money deposited in the trial court, and file an undertaking upon appeal in lieu thereof.

MOTION in the Supreme Court for leave to file an undertaking upon appeal, and to be allowed to withdraw money deposited in lieu of such undertaking.

The facts are stated in the opinion of the court. ·

G. H. Perry, for Appellants.

W. C. Kennedy, for Respondents.

PATERSON, J.— This is an application for an order per-mitting appellants to substitute undertakings in place of the money deposited in the court below in lieu of under-takings on appeal.

Undertakings were filed in the court below in due time after notice of appeal, but exception was taken by respondents to the sufficiency of the sureties therein.

On the day fixed for the justification of the sureties, the latter failed to appear before the judge of the court below. Thereafter, and in due time, the appellant deposited the amount of the judgment appealed from, and three hundred dollars in addition thereto, which, under section 948 of the Code of Civil Procedure, was equivalent to the giving of sufficient undertakings.

The petitioner has presented to this court undertakings in due form, and asks to have the same approved and filed, and to be allowed to withdraw the money deposited in the court below.

The statute gives an appellant the right to perfect his appeal and secure a stay of proceedings on the judgment, either by giving certain undertakings, or by depositing in the court below the amount of the judgment appealed from, and three hundred dollars in addition thereto. The appellant chose the latter proceeding, and by depositing in the court below the sum required by the statute perfected his appeal. There is no statutory authority for the order which he now requests the court to make; but assuming that the court has the discretion to allow him to withdraw his deposit and give a new undertaking, we have no disposition to exercise that discretion in his favor. The court is already heavily burdened with multifarious original proceedings not usually imposed upon appellate courts, and we have no desire to increase them by establishing a precedent for another, and especially one a denial of which affects no substantial right of either party to the appeal. If the motion were granted and a new undertaking were filed here, the respondent might be compelled to again examine into the question of the sufficiency of the sureties on the undertaking, give notice of exception, and to appear before the judge at the time and place of justification. This would be manifestly unjust to him. The appellant has made his choice of procedure, and having had the benefit of it, should not now be allowed to retract and file undertakings. The only prejudice he can suffer by a

denial of this motion is being deprived of the use of the money until the appeal is determined.

Motion denied.

BEATTY, C. J., DE HAVEN, J., MCFARLAND, J., HARRI-SON, J., and SHARPSTEIN, J., concurred.