(March 17, 1911.)

## O. F. SMITH, Appellant, v. G. W. FIELD, Respondent.

[114 Pac. 668.]

APPEAL FROM JUSTICE COURT—MONEY DEPOSIT IN LIEU OF UNDERTAKING —CERTIFIED CHECK—LIABILITY OF BANK FOR CERTIFIED CHECK.

(Syllabus by the court.)

1. Where S. drew his check and post-dated it, and then had the bank on which the check was drawn certify the same, *held,* that under the statutes of this state with reference to negotiable instruments the bank was prohibited from certifying such check unless the money was actually on deposit in the bank to the credit of the drawer at the time of certification, and that if so, it was the duty of the bank to at once set aside the sum of money represented by such check for the specific purpose of meeting the same whenever it should be presented, and that the liability of the bank attached from the time of certification, irrespective of the date which the check bore.

2. A certification of a check by the bank on which it is drawn is equivalent to an acceptance thereof, and has the effect of setting aside funds of the drawer on deposit in the bank for the specific purpose of meeting such check whenever it may be returned by the holder thereof, and creates a liability on the part of the bank in favor of the holder of such paper.

3. Where a justice of the peace receives and accepts a certified check in place and stead of a money deposit on an appeal from such court to the district court, and no effort has been made to cash the check and no contention is made that the bank is insolvent or that the check could not be cashed, *held*, that the deposit of the check with the officer was a substantial compliance with the statute, sec. 4778, which authorizes a money deposit in place and stead of an undertaking on appeal, and *held*, further, that it was an error on the part of the trial court to dismiss an appeal under such circumstances.

4. Secs. 4 and 4231, Rev. Codes, command that the statutes of this state should be liberally construed with a view to effect their object and promote justice, and that all errors or defects in the proceedings in courts of justice shall be disregarded unless they affect the substantial rights of the parties.

APPEAL from the District Court of the Fourth Judicial District, in and for the County of Cassia. Hon. Edward A. Walters, Judge.

Action by plaintiff for debt. Judgment for defendant and plaintiff appealed to the district court. Appeal was dismissed. Judgment *reversed* and cause remanded.

T. Bailey Lee, for Appellant.

This check had been certified at the request of the payee, and had become a certificate of deposit. (*Met. Nat. Bank v. Jones*, 137 Ill. 634, 31 Am. St. 403, 27 N. E. 533, 12 L. R. A. 492; *Clews v. Bank of N. Y.*, 89 N. Y. 418, 42 Am. Rep. 303; *Merchants' Bank v. State Nat. Bank*, 77 U. S. 604, 19 L. ed. 1008; *Bank v. Merchants' Nat. Bank*, 91 N. Y. 106; *Security Bank v. Nat. Bank of the Rep.*, 67 N. Y. 458–462, 23 Am. Rep. 129.)

The Nevada statute governing money deposits on appeal is identical with ours, and the supreme court of that state has

passed upon this very question, upholding appellant's contention that a certificate of deposit, by appellant given in good faith to the clerk, gives the clerk constructive possession of the money, is a convenience to the officer, and a sufficient compliance with the statute. (*Alt v. Cal. Fig Syr. Co.,* 18 Nev. 423, 4 Pac. 743.)

S. T. Lowe, for Respondent.

The certification, procured by the drawer, fixes the liability of the bank, but it does no more; it does not change the situation of the parties, who take the check, nor does it make the check money. As it is not money, but is simply an accepted order for money, it does not of its own force and vigor operate as money. It cannot take the place of money without an expressed agreement to that effect, and therefore cannot by its own intrinsic force operate as payment. (*Born v. First Nat. Bank,* 123 Ind. 78, 18 Am. St. 312, 24 N. E. 173, 7 L. R. A. 442; *Cincinnati etc. Co. v. Nat. Lafayette Bank,* 51 Ohio St. 106, 46 Am. St. 560, 36 N. E. 833.)

The legislature clearly intended that if a deposit be made it be made of money. (Sec. 4778, Rev. Codes.)

While not directly deciding the point, in passing, our supreme court have always spoken of a deposit as a deposit in money. (*Cole v. Fox,* 13 Ida. 123, 88 Pac. 561; *West v. Dygert,* 13 Ida. 641, 92 Pac. 753; *Estate of McVay,* 14 Ida. 56, 93 Pac. 28.)

The check filed in the case at bar would not comply with the statute, for the check in question was a post-dated check, bearing date September 10, 1910. If a deposit in money or an undertaking for the payment of costs on appeal be not made within thirty days after the rendition of the judgment, the appeal will die. (*Perkins v. Bridge,* 10 Ida. 189, 77 Pac. 329.)

The money on the check in question could not be collected or drawn out of the bank, before September 10, 1910, for a certified check is not due until the day it is dated. (*Salter v. Burt,* 20 Wend. (N. Y.) 205, 32 Am. Dec. 530; *Taylor v.*

*Sip*, 30 N. J. L. 284; *Mohawk Bank v. Broderick*, 10 Wend. 304.)

AILSHIE, Presiding J.—On the 24th day of June, 1910, judgment was entered in the justice's court of Burley precinct, Cassia county, against appellant and in favor of respondent for the sum of $40 and costs. Thereafter the appellant served on the attorney for respondent a notice of appeal and filed the same with the justice of the peace on the 16th day of July. On the latter date, appellant deposited with the justice of the peace his personal check drawn on the Blackfoot State Bank for the sum of $244.60, and dated September 10, 1910. This check was at the time of its delivery to the justice of the peace duly certified by the Blackfoot State Bank and was indorsed in blank by the appellant. The justice of the peace received the check and thereupon certified the pleadings, files and records up to the clerk of the district court in conformity with the statute. The clerk of the court retained the check and never cashed it or presented it for payment. Thereafter and on September 5th, the respondent herein filed his motion to dismiss the appeal on several grounds, the principal one of which was "that no sufficient deposit for the payment of costs on appeal has been made by the appellant, and that no undertaking on the appeal for the payment of costs has been executed or filed by appellant." The district judge dismissed the appeal on the ground that the certified check did not constitute a compliance with sec. 4778 of the Rev. Codes, which provides that, "In all civil cases arising in probate and justices' courts, where an undertaking is required by this code, a deposit with the court of a sum of money equal to the amount of the required undertaking, may be received and held by the court in place of said undertaking." The appellant has appealed to this court from the order of the district court dismissing his appeal from the justice's court.

The only question presented here is: Did the deposit of the appellant's certified check constitute a substantial compli-

ance with the provisions of sec. 4778? It must be admitted in the very outset that the certified check was not ''a deposit .... of a sum of money equal to the amount of the required undertaking,'' etc. In other words, the certified check was not *money* within the ordinary meaning of that term. The only question to be determined is whether or not this was a substantial compliance with the statute such as would entitle the appellant to have his case considered by the court on appeal.

In the first place, we are admonished by sec. 4 of the Rev. Codes that ''their provisions and all proceedings under them are to be liberally construed, with a view to effect their object and to promote justice.'' The check bore date *September 10th*, and yet it was certified *July 15th preceding*, which was one day prior to its being presented and delivered to the justice of the peace as a deposit in lieu of an undertaking. Under the provisions of sec. 2988 of the Rev. Codes, it is made a felony for any officer, agent, clerk or employee of a bank to certify a check unless the amount called for by such check is actually standing to the credit of the drawer on the books of the bank at the time of certification. The section reads as follows:

''No owner, officer, agent, clerk or employee of a bank shall certify a check unless the amount thereof actually stands to the credit of the drawer on the books of the bank, and any person who shall wilfully violate this provision, shall, on conviction thereof, be deemed guilty of a felony and be punished by a fine not exceeding one thousand dollars. Any such check so certified by a duly authorized person shall be a good and valid obligation of the bank in the hands of an innocent holder.''

This section would fix the liability of the bank as of the date of the certification irrespective of the date of the check. Turning, however, to sec. 3469 of the Rev. Codes, dealing with the subject of ''ante-dating and post-dating'' negotiable paper, we find the following provision: ''The instrument is not invalid for the reason only that it is ante-dated or post-

dated, provided this is not done for an illegal or fraudulent purpose. The person to whom an instrument so dated is delivered acquires the title thereto as of the date of delivery." Turning again to sec. 3644, Rev. Codes, we find that, "Where a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance." The latter section is reinforced by the provisions of sec. 3646, which fixes the liability of the bank upon its acceptance of certification.

In view of these various provisions of the statute, it is clear to us that the absolute liability of the bank attached at the time of the certification, and that upon the delivery of the check thus certified, the bank immediately became liable to the holder of the paper and was bound to set aside and appropriate from the funds in the bank to the credit of the drawer a sum sufficient to pay this check, and that the check was payable at any time it might be presented at its banking house for payment during business hours. This was in effect the same as a certificate of deposit. (*Metropolitan National Bank v. Jones*, 137 Ill. 634, 31 Am. St. 403, 27 N. E. 533, 12 L. R. A. 492; *Merchants' Bank v. State National Bank*, 10 Wall. (U. S.) 604, 19 L. ed. 1008; *First National Bank v. Whitman*, 94 U. S. 343, 24 L. ed. 229.)

In the latter case, the supreme court of the United States, in discussing the liability of a bank on a certified check, among other things, said:

"It is not to be doubted, however, that it is within the power of the bank to render itself liable to the holder and payee of the check. This it may do by a formal acceptance written upon the check, in which case it stands to the holder in the position of a drawer and acceptor of a bill of exchange. . . . . Whether this certificate be obtained by the drawer before the check is delivered, and is thus made an inducement to the payee to receive the same, or whether it is made upon the application of the payee for his security, is of no importance. It is a contract recognized by the law, valid in its character, which essentially changes the position of the parties. The privity of contract with the drawee, which before pertained to the drawer alone, is now imparted to the payee,

and the duty which before existed to the drawer now exists to the payee.''

In *National Commercial Bank v. Miller & Co.*, 77 Ala. 168, 54 Am. Rep. 50, the court, in discussing the liability of a bank on a certified check, said: ''A certified check has a distinctive character as a species of commercial paper, the certification constituting a new contract between the holder and the certifying bank; the funds of the drawer are, in legal contemplation, withdrawn from his credit, and appropriated to the payment of the check, and the bank becomes the debtor of the holder as for money had and received.''

In view of the fact that the agents, officers and employees of the bank are absolutely prohibited under the pains and penalties of a felony from certifying a check unless the drawer has the money actually on deposit in the bank, it seems clear that it is the duty of the bank, upon certifying a check, to withdraw that amount from the drawer's account and hold it as a trust fund, subject to the payment of the check whenever returned to the bank in due course of business. It is contended, however, by respondent that even though the check be certified, still this is no evidence or certification of the solvency of the bank. In support of this contention, counsel cites and relies on *Born v. First National Bank of Indianapolis*, 123 Ind. 78, 18 Am. St. 312, 24 N. E. 173, 7 L. R. A. 442. This authority holds distinctly that certification of a check in itself carries with it no evidence of the solvency of the bank. In the case at bar, however, it must be remembered that no question arises as to the solvency of the bank on which this check was drawn and by which it was certified. For the purposes of the case, it is practically admitted that the bank is solvent and that the check would be paid on presentation. It is equally clear that the justice of the peace might have declined to receive the check. He might have demanded the money instead and refused to receive the check. He did not do this, however. He received the check and treated it as so much money, and accordingly certified the case up to the district court as required by statute upon the theory that a money deposit had been made.

The check could have been cashed by the justice of the peace or by the clerk of the district court. Apparently, however, the officers seemed to be content with the check and treated it as so much money. While it was not "the legal medium of payment." (*Born v. First National Bank, supra*), it was the substitute for money which is commonly and generally used these days in business and commercial transactions and likewise in legal proceedings. The supreme court of Nevada in *Alt v. Cal. F. S. Co.,* 18 Nev. 423, 4 Pac. 743, has held to the same effect.

In our judgment, appellant substantially complied with the provisions and requirements of the statute and ought to have had his appeal heard on its merits. This seems to us especially true where no contention is made that the bank was insolvent or that the check could not be collected and where the justice of the peace received the check and treated it as so much money. It is quite evident that this method of making the deposit would ordinarily be much better security to the respondent than the average bondsmen who usually sign surety bonds for such purposes.

In addition to the provisions of sec. 4, Rev. Codes, above cited, the courts of this state are also admonished by the provisions of sec. 4231, Rev. Codes, that they "must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties. . . . . " In our judgment, the substantial rights of the parties, as the facts appear from this record, would not and could not have been prejudicially affected by allowing this appeal to stand and the case to be heard on its merits where a certified check was on deposit as it was in this case.

The judgment will be reversed and the cause remanded, with direction to the trial court to overrule the motion to dismiss the appeal and hear the case on its merits. Costs awarded in favor of appellant.

Sullivan, J., concurs.