(November 2, 1918.)

## C. M. ENGLAND, Respondent, v. TONY NELSON and G. BROWN, Appellants.

### [175 Pac. 814.]

APPEAL—UNDERTAKING—MONEY DEPOSIT—CHECK AS MONEY.

1. When a probate judge, exercising jurisdiction as a justice of the peace, receives a check as money in lieu of an undertaking on appeal, treats it as money, makes an entry upon his docket that he has received the amount of the bond in money, and receipts for it accordingly, and no question is raised as to the solvency of the bank or the maker of the check, and it further appears that the same will be cashed upon presentation, there has been a sufficient compliance with Rev. Codes, sec. 4778, and the appeal will not be dismissed.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action in claim and delivery. Judgment dismissing appeal from probate court. *Reversed.*

Hansbrough & Gagon and D. E. Rathbun, for Appellants.

When a justice of the peace receives and accepts a certified check in place and stead of money deposit on an appeal from such court to the district court, and no effort has been made to cash the check and no contention is made that the bank is insolvent, or that the check could not be cashed, the deposit of the check with the officer was a substantial compliance with the statute, sec. 4778, which authorizes a money deposit

in place and stead of an undertaking on appeal, and it was an error on the part of the trial court to dismiss an appeal under such circumstances. (*Smith v. Field,* 19 Ida. 558, Ann. Cas. 1912C, 354, 114 Pac. 668; *Alt v. California F. S. Co.,* 18 Nev. 423, 4 Pac. 743.)

A. S. Dickinson, for Respondent.

As a general proposition the courts seem to have construed such statutes to mean what they say, and when the term "money" is so used it means money. (*Eshon v. Board of Commrs. of Chowan County,* 95 N. C. 75.)

BUDGE, C. J.—This is an appeal from a judgment dismissing an appeal from the probate court to the district court. One of appellants' attorneys, when the appeal was taken from the probate court, gave his personal check to the probate judge in lieu of filing an undertaking on appeal. The only question involved is whether the giving of this check to the probate judge was "a deposit with the court of a sum of money equal to the amount of the required undertaking."

It was stipulated on the motion to dismiss the appeal that the check was never presented for payment, that it was in an amount sufficient, if in money, to have constituted a proper deposit in lieu of an undertaking on appeal, that the probate judge receipted for it in writing, making the following entry upon his docket:

"Appeal bond............................ 99.20
Court costs ............................. 6.85
Trans. on appeal........................ 12.00
                                        ———
                                        108.05

"State of Idaho,
   County of Bingham,—ss.

"Received from Hansbrough & Gagon, as attorney, the sum of One Hundred Eight and 05/100 Dollars for fees and cash bond, England vs. Nelson.

                          "E. A. DOUD,
                          "Probate Judge."

—that the check was delivered to the clerk of the district court with the transcript of the record on appeal, that George F. Gagon, who gave the check was and is solvent, and that the check could have been cashed if presented.

The statute permitting a deposit in lieu of an undertaking in such cases is as follows:

Rev. Codes, Section 4778. "In all civil cases arising in probate and justice courts, where an undertaking is required by this code, a deposit with the court of a sum of money equal to the amount of the required undertaking may be received and held by the court in place of said undertaking."

This court held in *Smith v. Field,* 19 Ida. 558, Ann. Cas. 1912C, 354, 114 Pac. 668, that the deposit of a certified check was a sufficient compliance with the foregoing statute. In that case this court said:

" . . . . No question arises as to the solvency of the bank on which this check was drawn and by which it was certified. For the purposes of the case, it is practically admitted that the bank is solvent and that the check would be paid on presentation. It is equally clear that the justice of the peace might have declined to receive the check. He might have demanded the money instead and refused to receive the check. He did not do this, however. He received the check and treated it as so much money, and accordingly certified the case up to the district court as required by statute upon the theory that a money deposit had been made. The check could have been cashed by the justice of the peace or by the clerk of the district court. Apparently, however, the officers seemed to be content with the check and treated it as so much money. While it was not 'the legal medium of payment' (*Born v. First National Bank, supra,* [123 Ind. 78, 18 Am. St. 312, 24 N. E. 173, 7 L. R. A. 442]), it was the substitute for money which is commonly and generally used these days in business and commercial transactions and likewise in legal proceedings. The supreme court of Nevada in *Alt v. California, F. S. Co.,* 18 Nev. 423, 4 Pac. 743, has held to the same effect."

Upon the authority of the above case, we think the appellant has substantially complied with the statutory require-

ments, in that, being solvent, he gave his check for a proper amount, which check was accepted by the probate judge, and treated as cash.

The judgment is reversed. Costs are awarded to appellants.

Morgan and Rice, JJ., concur.