MRS. BERTHA PARRISH, Respondent, v. MENZ SCHOOL DIS-
TRICT NO. 5, SIOUX COUNTY, NORTH DAKOTA, a Cor-
poration, E. Jahnel, W. Storm, and J. N. Sand, as Officers of
Said School District, Appellants.

(223 N. W. 693.)

Opinion filed February 18; 1929.

*C. F. Kelsch* and *M. K. Higgins,* for appellants.
*A. McG. Beede* and *Sullivan, Hanley & Sullivan,*. for respondent.

BIRDZELL, J.   This is an appeal from a judgment in favor of the plaintiff in an action to recover for transportation furnished to a pupil attending school.   There is no serious dispute regarding the facts which may be sufficiently stated by referring to the findings of fact of the trial court.   The cause was originally brought before a justice of the peace who found in favor of the defendants.   The plaintiff appealed to the district court where, after trial, the following facts were found: That the child of the plaintiff was of compulsory school age and that the plaintiff was responsible for her attendance at school; that they lived upon a farm in the defendant school district; that the plaintiff had transported the child to and from school during 169 days, such school being maintained in a common school district adjacent to the defendant district and being more than two miles and a quarter distant from the plaintiff's dwelling house; that the officers of the defendant district arranged for such attendance and paid tuition in such adjoining district for the plaintiff's child but refused to provide for transportation or to compensate the plaintiff therefor; that the nearest school maintained in the defendant district was approximately five miles distant from the plaintiff's home.   The court found the reasonable value of the transportation to be twenty-five cents per day, the minimum fixed by statute, and judgment was entered accordingly.

The first contention advanced by the appellants is that the district court obtained no jurisdiction of the cause on appeal on account of the failure of the plaintiff to file an undertaking on appeal such as is required by § 9165 of the Compiled Laws of 1913, or to deposit money in lieu of such undertaking, as may be done under § 9168.   A motion

was made to dismiss the appeal on that ground, and upon the hearing it developed that the plaintiff had sent to her attorney $100 in currency to be deposited in lieu of the undertaking. "The clerk of the district court was not present at the time, so the attorney deposited the money in the bank. Later upon his return the attorney indicated to the clerk his intention to withdraw the money and deposit it, whereupon the clerk signified his willingness to accept the attorney's check for the amount." The clerk wrote the check indicating thereon that it was cash bail in an appeal case and the attorney signed it, the clerk giving a receipt for cash in lieu of bond on appeal, which recited the acceptance of a cash deposit. This was sufficient for all purposes of the appeal. It is as though the money were paid over to the clerk and redeposited by him in the same bank. He made himself responsible for the cash. See 35 C. J. 756; Re Sullivan, 25 Wash. 430, 65 Pac. 793; Smith v. Field, 19 Idaho, 558, 114 Pac. 668, Ann. Cas. 1912C, 354; England v. Nelson, 31 Idaho, 686, 175 Pac. 814.

It is next contended that before transportation can be recovered by one who has transported his child to a school in an adjoining district, it must be shown that the school district did not have ample school facilities; that it refused transportation to a school within its own district; that it had promised to pay for transportation outside the district and that the board had exercised its discretion to fix the compensation to be paid. We think none of these contentions are tenable. The school district in which the plaintiff resided embraced a township. The plaintiff lived near the east edge of the township. The nearest school within the township was approximately five miles distant, whereas the school attended by the plaintiff's child in the adjoining district was less than half that distance. The officers of the defendant district, themselves, arranged for this pupil to attend in the adjoining district and paid the tuition. This they had the power to do. Comp. Laws 1913, § 1179. Having made this arrangement, it is of no consequence that they maintained facilities in a remote part of the district and it is equally immaterial as to whether or not they had refused to furnish transportation to this school within their own district. Having arranged that this pupil should attend outside the district, there was no occasion for the parent to request them to furnish transportation to a more remote school within the district. It is equally unimportant whether they

had promised to pay for transportation outside the district, since by the express provisions of § 1179 the officers of a common school district have power to arrange for paying for. transportation of pupils from their district to attend a school in another district. The obligation to pay for transportation a sum not less than twenty-five cents, nor more than fifty cents, to any one family is not in terms limited to transportation within a district. See § 1342, Supplement to the Compiled Laws of North Dakota for 1925. As the statutory minimum only was recovered, the defendant district is in no wise prejudiced by the failure of the board to exercise its discretion as to a measure of compensation between twenty-five and fifty cents per day. It was the duty of the board under the law to furnish transportation itself or to compensate the parent furnishing the transportation, and it has no discretion to allow a less sum than twenty-five cents per day.

The judgment appealed from is affirmed.

BURKE, Ch. J., and CHRISTIANSON, NUESSLE, and BURR, JJ., concur.