(No. 5370. March 14, 1929.)

WINSTON M. CALDWELL, Appellant, v. GEORGE E. EVANS, Respondent.

[275 Pac. 779.]

R. W. Beckwith, Carl A. Burke and Wm. M. Morgan, for Respondent.

344

Martin & Martin and C. S. Hunter, for Appellant.

BUDGE, C. J.—Judgment in favor of respondent was entered in this cause, in the district court of the third judicial district for Elmore county, on September 7, 1928. On December 6, 1928, notice of appeal to this court was served and filed on behalf of appellant. So far as material, C. S., secs. 7153, 7154, require, in order that an appeal may be effectual, the filing of an undertaking, or a deposit with the clerk of the court in which the judgment was entered of the sum of $300, within five days after service of the notice of appeal. On December 11, 1928, the last day upon which an undertaking might be filed or a deposit made, a check for $300 was left with the clerk of the said district court, with the understanding that on the day following an undertaking on appeal, executed by two sureties, would be filed with the clerk and the check withdrawn, the undertaking to be substituted for the deposit of the check. This was done accordingly.

The deposit of the check was in substantial compliance with the provisions of C. S., secs. 7153, 7154, as a deposit of the sum of $300 in lieu of the filing of a written undertaking on appeal. (*England v. Nelson*, 31 Ida. 686, 175 Pac. 814; *Smith v. Field*, 19 Ida. 558, Ann. Cas. 1912C, 354, 114 Pac. 668.) The serious question arises as to the substitution of the undertaking for the check after the time the statute permits an undertaking to be filed. We have no statute authorizing such a substitution.

"Where appellant has made his choice of procedure, and has deposited a sum of money in lieu of a bond or under-

taking, the appellate court will not, in the absence of statutory authority, allow him to retract and file an undertaking." (3 C. J. 1116, citing *Wiebold v. Rauer*, 95 Cal. 418, 30 Pac. 558.)

■ ■ The appeal was perfected by the deposit with the clerk of the check, and the clerk was without authority to permit an undertaking to be filed and substituted for the deposit. (*Woodmansee & Webster Co. v. Woodmansee*, 31 Ida. 747, 176 Pac. 148; *Hanley v. Stewart*, 54 Or. 38, 102 Pac. 2.) There being a want of authority for the substitution of the written undertaking on appeal after the deposit of the check for $300, it follows that the withdrawal of the check rendered the appeal ineffectual and it must, therefore, be dismissed. It is so ordered.

Givens and Wm. E. Lee, JJ., concur.

■ In the companion cases of *Caldwell v. Thompson, Caldwell v. Henderson, Caldwell v. Goodall* and *Caldwell v. Latimore,* there was a failure of compliance with the provisions of C. S., secs. 7153, 7154, by the filing of any undertaking on appeal or deposit in lieu thereof, and there has been no waiver of the requisite undertaking. In such circumstances the appeals are of no effect and must be dismissed. It is so ordered. (*Melquist v. Board of Commrs.,* 45 Ida. 296, 261 Pac. 774; *Kimzey v. Highland Livestock & Land Co.,* 37 Ida. 9, 214 Pac. 750; *Kingsbury v. Lee,* 36 Ida. 447, 211 Pac. 552; *McMurtain v. Newton,* 40 Ida. 401, 232 Pac. 565.)

Givens and Wm. E. Lee, JJ., concur.