## CIRCUIT COURT OF SHENANDOAH COUNTY

H. E. Estep

v.

N. S. DeGarmo

June 19, 1951

By JUDGE ELLIOTT MARSHALL

In this case the appellant noted his appeal from the judgment of the Trial Justice and, within the required time, posted appeal bond for $50.00 and delivered a personal check of E. E. Miller in that amount to the Trial Justice. The Clerk of the Trial Justice issued an official receipt for the $50.00 for "appeal bond."

It is apparently conceded that the appeal bond was deficient. Therefore, the only question in the case is whether or not the delivery of the check constituted performance of the requirements of Sec. 16-80 of the Virginia Code.

In my opinion the deposit of money under the Statute would of itself comply with the requirement irrespective of whether an undertaking were posted or whether any notation were made as to the nature of the obligation of the appellant. This proposition is supported in the case of *In Re McGovern's Estate*, 250 P. 812 (Mont.) where it was held that deposit of money in lieu of bond requires no writing or undertaking. Even if the lower court should not issue an official receipt for the amount deposited the Statute is declaratory of the undertaking and the mere deposit of the money would carry with it the obligation required for the appeal.

In Idaho the Statute (Sec. 4778 Rev. Codes) is similar to ours:

In all civil cases arising in Probate and Justice Courts, where an undertaking is required by this Code, a deposit with the Court of a *sum of money* equal to the amount of the required undertaking may be received and held by the Court in place of said undertaking. (Underscoring supplied).

In the case of *Smith* v. *Field*, 114 P. 668 (Idaho), it was held that the deposit of a certified check for the sum required for the appeal constituted a "substantial compliance" with the requirements of the Statute. The Court reasoned that while a certified check was not a "sum of money" in the legally accepted definition of the term, there existed and absolute liability upon the bank on which the check was drawn, and, the purpose of the Statute being to assure the payment, in the absence of showing of insolvency of the bank the delivery of the certified check constituted *substantial compliance* with the Statute. While the court did not say so, it should be pointed out that a certified check is probably better security in many cases than a bond or other undertaking.

The case of *Smith* v. *Field*, *supra*, was cited in the case of *England* v. *Nelson*, 175 P. 814 (Idaho), where it was held that an attorney's personal check to the Justice constituted a substantial compliance with the Statute, the Court pointing out that there was no question as to the solvency of the drawer of the check. Again in *Caldwell* v. *Evans*, 275 P. 779 (Idaho), it was held that deposit of the personal check of the appellant constituted substantial performance of the requirement of the Statute.

In the case of *In Re Sullivan's Estate*, 65 P. 793 (Wash.), a certificate of deposit was delivered to the Clerk by the appellant. The Clerk issued his official receipt therefor. It was held that the certificate of the Clerk was taken as *conclusive* evidence that "money was deposited as required by Statute."

In the case of *Parrish* v. *Menz School District*, 223 N.W. 693 (N.D.), the attorney for the appellant delivered his personal check to the Clerk of the lower court for the amount of the bond required for the appeal. The Washington Statute (Sec. 9166, Compiled Laws of 1913)

authorized the appellant to give bond "or to deposit money in lieu of undertaking." The Court, citing *In Re Sullivan's Estate, England* v. *Nelson* and *Smith* v. *Field*, all *supra*, held that the delivery of the attorney's personal check constituted compliance with the requirement of the Statute.

There appear to be no cases in the United States holding a contrary view to those above cited.

It is urged that the foregoing Idaho authorities should not be persuasive because the court was only obeying the mandate of a statute (Idaho Code Sec. 4231) providing that the court in which the appeal is brought "must in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties." We have no such statute in Virginia applicable to appeals from Trial Justice Courts established under Chap. 2, Title 16, Va. Code 1950. Section 15-16 of the Code apparently does not apply. *Stacy* v. *Mullins*, 185 Va. 837, 40 S.E.2d 265 (1946). But even if it did apply to the instant case it would not solve our problem. The court in which the appeal lies could correct errors or supply deficiencies in the proceedings such as requiring adequate bond, but could not ignore fatal defects.

However, it seems to me that the intention of the legislature was manifest in the language of the statute (Code Sec. 16-80):

> In lieu of giving bond as hereinabove provided any such appellant may deposit with the trial justice, who shall issue his official receipt therefor, such sum of money as the trial justice may estimate to be sufficient to discharge such judgment as may be rendered by the appellate court on the trial of the appeal in which event the trial justice shall pay the money so deposited with him into the court to which such appeal is taken by paying the same to the clerk of the court who shall issue his official receipt therefor.

The obvious intent was to give the appellant a simple method of appeal and at the same time to assure the

appellee of his costs or judgment if he prevails in the appeal. The official receipt of the trial justice would itself constitute the undertaking, and, of course, be the sole evidence of the appellant's performance of the requisites for appeal. The trial justice would have the right to refuse the tender of a check, but if he accepts it and delivers his official receipt for the sum of money represented by the check the appellant's appeal should be perfected.

While a check is not money within the legally accepted definition of the term it has come to be a commonly accepted method of payment. It does not, of course, constitute payment unless honored by the drawee. A creditor may refuse to accept a check in payment, but if he does accept it and the check is honored the payment is complete. The trial justice, of course, is not in the position of a creditor, but his official receipt should not be issued unless a sum of money be deposited. If he chooses to issue the receipt upon the delivery of a check, he undertakes some responsibility for it, whether he be personally liable or not. If the check is not honored when presented the appeal could be forthwith dismissed.

In my opinion, when the trial justice accepts a check and issues his official receipt for deposit in lieu of appeal bond, the appeal is perfected unless the check is dishonored upon presentment for payment. Therefore, the motion to dismiss the appeal should be overruled.