414 P.2d 204

Dixie J. MARTINSON, Plaintiff-Appellant,

v.

Zoel R. MARTINSON, Defendant-Respondent.

No. 9784.

Supreme Court of Idaho.

April 28, 1966.

Rehearing Denied May 20, 1966.

Reginald R. Reeves, Idaho Falls, for appellant.

A. A. Merrill, Idaho Falls, for respondent.

SPEAR, Justice.

Plaintiff-appellant procured a decree of divorce from defendant on August 28, 1963, and the decree provided, among other things, the defendant-respondent was to pay appellant child support in the sum of $400 per month for three years. Respondent moved to reduce the support to $300 per month because appellant had become employed and was earning $291 per month. The motion was granted in the lower court and appellant appealed.

For an appeal bond appellant deposited with the clerk of the court a personal check in the sum of $300.

This check was delivered to the clerk on June 11, 1965. On April 4, 1966, nearly ten months later, respondent moved to dismiss the appeal, on the ground that there had been no proper undertaking filed as required by I.C. § 13–201 and § 13–203, contending that appellant's personal bank check did not constitute a sum of money or a cash bond under these statutory provisions. I.C. § 13–202 provides in part:

"The appeal is ineffectual for any purpose unless prior to or at the time of filing the notice of appeal or within five (5) days thereafter, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

The pertinent provisions of I.C. § 13–203 are as follows:

"The undertaking on appeal must be in writing, and must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding $300; or that sum must be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal: * * *. If any undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve upon the appellant or his attorney a notice, in writing, pointing out specifically the defects and insufficiencies of such undertaking. No defect or insufficiency not thus specifically pointed out shall subsequently be urged against the undertaking or the appeal. The appellant may, within five days after such service of said notice, file a new undertaking which shall be in lieu of the one previously filed."

█ Where a sum of money or cash is permitted by statute to be deposited in lieu of an undertaking by sureties, a deposit of a check regularly certified by a bank is deemed a substantial compliance with the requirement for an undertaking on appeal. This is recognized in Idaho in the case of Smith v. Field, 19 Idaho 558, 114 P. 668.

█ This court has extended this theory to include a personal uncertified check holding that the personal check of one of appellant's attorneys deposited with the probate judge was sufficient compliance with the statutory requirement of "a deposit with the court of a sum of money equal to the amount of the required undertaking." England v. Nelson, 31 Idaho 686, 175 P. 814. This reasoning cannot be upheld. The phrase in I.C. § 13–203, "or that sum must be deposited with the clerk," must be interpreted to require the deposit of $300 in cash money. A personal check does not constitute cash money. The purpose of this statute is to afford security to the respondent for all damages and costs which may be awarded to respondent against the appellant on the appeal. A personal check drawn on a bank does not afford that security. A check is nothing more than a bill of exchange drawn on a bank payable on demand (I.C. § 27–1602), and it does not operate as an assignment of any part of the funds to the credit of a drawer with the bank until it is presented and accepted, or is certified, by the bank on which it is drawn. (I.C. § 27–1606) The drawer is at all times, prior to the acceptance by the bank, at liberty to stop payment or to withdraw his funds from the bank; thus the check secures no one.

Even after an adverse ruling upon appeal the drawer of a personal check could still stop payment or withdraw his entire funds from the checking account at the bank. This is not the security contemplated under the provisions of I.C. §§ 13–202 and 13–203. See In Re Winborne's Will, 231 N.C. 463, 57 S.E.2d 795 (1950).

It is contended by appellant that since the clerk of the district court accepted appellant's personal check, treated it as money, and certified it to this court as cash, there has been substantial compliance with the statutory requirements. This is fallacious. An appellant cannot place the burden on a clerk of a district court to determine whether or not a good and sufficient undertaking has been deposited with the clerk. The circumstances here tend to show the check was held in lieu of cash money.

Therefore we feel constrained to overrule the holding in England v. Nelson, supra, and Caldwell v. Evans, 47 Idaho 342, 275 P. 779, insofar as such cases are not in accord with this opinion.

█ motion cannot be deemed untimely made under the provisions of I.C. § 13–203, for the depositing of the

personal check by appellant constitutes no undertaking whatever as required under that statute. This is jurisdictional. It may be raised at any time, and when properly raised this court has no alternative except to dismiss the appeal. Oliverson v. Anderson, 85 Idaho 412, 380 P.2d 214.

The foregoing makes unnecessary any consideration of the second ground urged by respondent for dismisal of the appeal or the merits of the appeal.

Appellant's request for attorney's fees and costs on appeal is denied.

Respondent's motion to dismiss the appeal is granted. Costs to respondent.

McFADDEN, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.

## ON DENIAL OF PETITION FOR REHEARING

Appellant's petition for a rehearing on the order dismissing appellant's appeal for failure to file a sufficient cash appeal bond is denied. Nevertheless the court has carefully considered the assignments of error upon which appellant relies for a reversal of the trial court's opinion, and we find no merit therein.

It would, therefore, be of no benefit to appellant to grant a rehearing.

McFADDEN, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.