## EL CENTRO DE DETALLISTAS DE SAN JUAN v. A. VICENTE & CO., ET AL.

Apelación procedente de la Corte de Distrito de San Juan.

No. 636.—Resuelto en junio 21, 1911.

CONTROVERSIA JURÍDICA—CUESTIONES ABSTRACTAS.—No alegándose en la demanda que se haya realizado algún pacto concreto y positivo en perjuicio del demandante, no existe base para una controversia jurídica que debe ser resuelta por los tribunales de justicia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Jacinto Texidor.*

Abogados de los apelados: *Sres. Hartzell y Rodríguez Serra.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El Centro de Detallistas de San Juan, una corporación constituída con arreglo a las Leyes de Puerto Rico, entabló demanda contra A. Vicente y Compañía, Sucesores de L. Vi-

llamil y Compañía, Sucesores de M. Lomba y Compañía, J. Ochoa y Hermano, Villar y Compañía, Freiría y Compañía, Sucesores de Pérez Hermanos, S. en C., Aboy Vidal y Compañía, M. Lamadrid y Compañía, Sobrinos de Izquierdo y Compañía, Baquero y Compañía, Balasquide y Compañía, F. Font y Hermano, Pérez Hermanos, R. Paniagua y Compañía, Luiña Hermanos, Sucesores Benítez y Compañía, Cerecedo Hermanos y Compañía, Sucesores A. Suárez y Compañía, E. R. Pons y Compañía, V. Melón y Compañía, Sanchez Portela y Compañía, Sucesores de F. Juncos y Compañía, C. Malatrasi y Compañía, Cadierno Hermanos, Allés y Hermano, y B. Fernández y Hermano, a fin de que la corte de distrito declarara que el único sistema a que deben sujetarse las transacciones comerciales en Puerto Rico es el métrico decimal y que el acuerdo adoptado por las sociales demandadas es ilegal y nulo.

Los hechos esenciales de la demanda son que los demandados adoptaron el 1 de febrero de 1910, un acuerdo que fué comunicado a los comerciantes detallistas, relativo a que a partir del primero de marzo próximo, quedaría establecida por los demandados, comerciantes al por mayor, la regla de fijar sus precios para todo artículo cuya venta haya de efectuarse por peso, para cada 45-3597 kilos, equivalentes a cien libras americanas.

"Que tal acuerdo causa perjuicios a todos los comerciantes de provisiones al detalle y a este Centro de Detallistas y a todos y a cada uno de sus socios, cambiando, sin autoridad alguna por parte de los demandantes, el sistema de peso legal, e imponiendo, para las transacciones comerciales un sistema arbitrario, caprichoso y perjudicial para la buena marcha de los negocios del comercio de provisiones al detalle; y

"Que el demandante nombró una comisión para entenderse con los demandados, habiéndose negado éstos a adoptar el sistema métrico decimal y a revocar su acuerdo."

Los demandados, excepto H. Santos, Pérez Hermanos, y

A. Suárez y Cía., alegaron la excepción previa de que la demanda no aduce hechos suficientes para determinar una causa de acción. La corte declaró con lugar dicha excepción y como el demandante manifestara que no tenía más hechos que exponer, ordenó que su resolución se registrara como sentencia. Así se hizo y contra la sentencia, registrada el 5 de noviembre de 1910, se interpuso el presente recurso de apelación.

La notificación de la apelación hecha a todos los abogados de los demandados el 14 de noviembre de 1910, se archivó el mismo día en la oficina del secretario de la corte de distrito, y elevada la transcripción de los autos a esta Corte Suprema, ambas partes en su alegatos escritos discutieron ampliamente el recurso en su fondo.

Hemos estudiado cuidadosamente la transcripción de los autos y los alegatos de las partes y opinamos que la sentencia que desestimó la demanda por no aducir ésta hechos suficientes para determinar una causa de acción, está bien fundada y debe confirmarse.

Dos razones fundamentales existen para ello.

La primera es, que estudiado el acuerdo de los comerciantes demandados, no aparece que esté en abierta oposición con las prescripciones de los artículos 230 y 240 del Código Político.

Y la segunda es, que aun cuando se concluyera que lo estaba, en la demanda no se alega que se haya realizado un solo acto concreto y positivo en perjuicio del demandante y siendo esto así, no existe base para una controversia jurídica que deba ser resuelta por los tribunales de justicia. No obstante haberse presentado la demanda el 10 de mayo de 1910, no se consigna en ella que el acuerdo adoptado por los demandados en 1 de febrero de 1910, para empezar a regir el 1 de marzo del mismo año, se llevara a vías de hecho.

Véase el caso de la *Liga de Propietarios* v. *El Ayuntamiento de San Juan,* decidido por esta Corte Suprema el 12

de febrero de 1908, en donde esta última cuestión ha sido tratada ampliamente y resuelta de modo claro y preciso.

No creemos necesario entrar en otro orden de consideraciones. El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Juez concurrente: Sr. Wolf.

Juez disidente: Sr. Presidente Hernández.

Los Jueces Asociados Sres. MacLeary y Aldrey no tomaron parte en la resolución de este caso.

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ.

El Centro de Detallistas de San Juan de Puerto Rico produjo demanda ante la Sección 1ª. de la Corte de Distrito de San Juan, fechada en 10 de mayo del año próximo pasado, contra las sociedades mercantiles que se mencionan en el título de la acción, y después de varias alegaciones, entre las que figura como principal un acuerdo de los comerciantes demandados de 1 de febrero del año citado, comunicado a los demandantes por medio de circular, y relativo a que desde el día 1º. de marzo siguiente quedaría establecida por los firmantes del acuerdo, la regla de fijar sus precios para todo artículo cuya venta haya de efectuarse por peso, para cada 45-3597 kilos, equivalente a 100 libras americanas, concluye con la súplica de que en su día se dicte sentencia declarando que el único sistema a que deben sujetarse las transacciones comerciales en Puerto Rico, es el métrico-decimal, y que el acuerdo de que se deja hecho mérito es ilegal y nulo.

A la anterior demanda opusieron los demandados excepción previa por el fundamento de que no aduce hechos bastantes para constituir una causa de acción, y esa excepción se sostuvo por la corte, desestimando la acción por sentencia que copiada a la letra dice así:

"Sentencia. El día doce de octubre de 1910, y en corte abierta, se llamó este pleito a la vista de las excepciones previas de que la de-

manda no aduce hechos bastantes para constituir una causa de acción, y comparecieron ambas partes por sus abogados, quienes sometieron la cuestión bajo argumentaciones escritas, que presentaron. Y la corte, tomando en consideración dichas alegaciones y argumentaciones, declara que la ley está en favor de dicha excepción previa, y por tanto, se sostiene dicha excepción previa y se desestima la presente acción, con las costas a los demandantes. El secretario librará la correspondiente orden de ejecución. Pronunciada en corte abierta el día cinco de noviembre de 1910. Registrada hoy día siete de los mismos mes y año. (Firmado) Pedro de Aldrey, Juez."

De haberse interpuesto apelación contra dicha sentencia, no hay más constancia en el récord que el escrito que transcribimos a continuación.

"A los Sres. Hartzell y Rodríguez Serra, E. S. Paine, Damián Monserrat, y H. F. Hord, Abogados de los demandados en el caso arriba citado. Por la presente se notifica a Vds. que el demandante en este caso apela para ante el Tribunal Supremo de Puerto Rico de la resolución dictada por la Corte de Distrito de San Juan, en cuanto a las excepciones previas, cuya resolución de fecha 5 de noviembre de 1910 ha sido registrada como sentencia en fecha 7 de noviembre de 1910. Texidor y Cautiño. (Firmado) J. Texidor. Abogados de los demandantes. Notificado 14 noviembre, 1910, con copia. (Firmado) Damián Monserrat. (Firmado) H. F. Hord, por M. A. Borges, Abogados de los demandados. Filed, Secretary's Office, noviembre 14, 1910. (Firmado) J. de J. Cavo. Dep. Secretary."

¿Es suficiente esa simple constancia de autos, que sólo envuelve la notificación de una apelación a la parte contraria archivada en secretaría, para que este tribunal estime que la apelación ha sido interpuesta y que tiene, por tanto, jurisdicción para el conocimiento de la misma? Opinamos que no.

El artículo 296 del Código de Enjuiciamiento Civil dice lo siguiente:

"Artículo 296.—Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

Es decir, que para que una apelación se entienda perfeccionada, es necesario que el apelante haya dado debido cumplimiento a los dos requisitos que dicho artículo determina, o sea (*a*) la presentación del escrito de apelación al secretario de la corte, y (*b*) la notificación de ese escrito a la parte contraria o a su abogado. La ley es clara y no cabe acudir a reglas de interpretación. Nosotros no sabemos si la parte apelante en este caso cumplió o nó con las disposiciones de nuestro estatuto, pues, como ya hemos visto, sólo hay constancia en los autos de una notificación del apelante dirigida a los abogados de la parte contraria, al efecto de que apelaba de la resolución dictada por la Corte de Distrito de San Juan, sobre las excepciones previas, para ante este Tribunal Supremo. La cuestión pues, se reduce a determinar si la omisión por parte del apelante de incluir en los autos la copia del escrito de apelación que ha debido presentar al secretario de la corte, es una omisión fatal, o si por el contrario podemos prescindir de ella y resolver la apelación por sus méritos. No hay duda alguna de que la observancia o inobservancia de los requisitos que exige un estatuto para que una apelación se entienda perfeccionada, es una cuestión de jurisdicción:

"Los autos deben mostrar afirmativamente un exacto cumplimiento de los requisitos estatutorios con respecto a la presentación y notificación del escrito de apelación; y la notificación del escrito de apelación, o de la citación en un recurso por causa de error, a la parte contraria, o a su abogado, y al secretario de la corte sentenciadora, son hechos jurisdiccionales."

2 Cyc., 1028.

Es un principio sentado por este tribunal, de acuerdo con la jurisprudencia de los más altos tribunales de los Estados de la Unión, que los estatutos que regulan la jurisdicción de las cortes, sean éstas de jurisdicción original o de segunda instancia, deben ser rigurosamente interpretados. (*The Bonnie Fruit Co.* v. *Dávila et al.*, 2 Dec. P. R., 155.) A este

principio dimos aplicación en el caso de *Del Valle* v. *Andreu,* resuelto en noviembre 7, 1907, en el que apesar de existir en los autos una constancia auténtica de la interposición de la apelación, pues en la exposición del caso debidamente aprobada por el juez se consignaba que Del Valle había presentado en secretaría el escrito de apelación y lo había notificado al abogado de la parte contraria, este tribunal desestimó la apelación por no contener la transcripción copia de dicho escrito de apelación, dando así una rigurosa interpretación al precepto estatutorio que regula nuestra jurisdicción de apelación. Igual resolución y por idéntico motivo dictamos en los siguientes casos:

*Fernández* v. *Sucesión Irizarry,* 3 Dec. P. R., 17.

*Ex Parte* Hecht, 3 Dec. P. R., 433.

*Ex Parte* Franco, resuelto en octubre 16, 1906.

La misma jurisprudencia ha sido establecida por la Corte Suprema de los Estados de Idaho y California, interpretando preceptos estatutorios similares al nuestro, con excepción del requisito referente a la fianza que nuestro Código de Enjuiciamiento Civil no exige:

"Se interpone una apelación presentando y notificando el escrito de apelación. Ambos requisitos deben existir para que la apelación se entienda perfeccionada." (*Whipley* v. *Mills,* 9 Cal., 641; 2 Idaho, 747.)

"Para que una apelación se entienda establecida, son necesarias tres cosas: (1) la presentación del escrito: (2) su notificación; y (3) la presentación de la fianza. Todos estos pasos hay que darlos dentro del término que fije el estatuto. Si no se dan esos pasos en esa forma, no hay apelación perfeccionada, y este tribunal no tiene jurisdicción del caso." (*Hastings* v. *Halleck,* 10 Cal., 31; 1 Idaho, 369.)

"Estas disposiciones del Código tienen por objeto asegurar los derechos de las partes y deben cumplirse estrictamente." (*Hastings* v. *Halleck, supra.*)

"Una apelación se interpone presentando al secretario de la corte en que se dicta la orden o sentencia, un escrito expresando que se apela de la orden o sentencia, o de determinada parte de la misma, y sirviendo una copia idéntica de dicho escrito a la parte contraria o a

su abogado.   Este precepto del Código es imperativo y exige que el apelante presente al secretario y entregue a la parte contraria o, a su abogado el escrito de apelación.   La apelación se interpone cumpliendo con los requisitos de la ley que regula la materia, no pudiendo interponerse la apelación si no se cumple con tales requisitos.   La jurisdicción depende del cumplimiento de las prescripciones de la ley, debiendo aparecer del récord en apelación de modo afirmativo que se hizo la éntrega del escrito de apelación a la parte contraria o a su abogado, a fin de conferir a esta corte jurisdicción para conocer de los méritos del caso.''   (*Adams* v. *Therson*, 34 Idaho, 1095.)

Y no puede menos que ser así, pues las reglas de procedimiento como de carácter público, son obligatorias para todos los que intervienen en el juicio, y no es lícito sustituirlas por otras a capricho de las partes.   La ley ordena cómo debe interponerse el recurso de apelación y sus preceptos deben ser cumplidos.   Cuando no se cumplan como en el presente caso, en que no ha venido en el récord copia del escrito de apelación presentado al secretario de la corte inferior, sino la notificación del recurso a la parte apelada, el recurso debe ser desestimado sin oirse, de conformidad con lo que previene el artículo 303 del Código de Enjuiciamiento Civil.

La presentación del escrito de apelación al secretario de la corte y la notificación del recurso a la parte contraria, son dos requisitos distintos y ambos necesarios para que esta corte adquiera jurisdicción en el caso.   No basta llenar el segundo requisito y dar de ello conocimiento al secretario, para que el primer requisito se estime cumplido.   Si así opináramos, infringiríamos abiertamente la ley y usurparíamos las funciones del poder legislativo, estableciendo, que una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito dirigido a la otra parte a la que se manifiesta que se apela de la sentencia a providencia, o de determinada parte de la misma.   Así quedaría derogado el artículo 296 ya transcrito del Código de Enjuiciamiento Civil.

Por las razones expuestas, procede se desestime el recurso

de apelación interpuesto en el presente caso, por carecer este tribunal de jurisdicción para discutirlo y resolverlo en el fondo.